EVERETT C. MORSE *vs.* WILLIAM C. ASHLEY & others.

Bristol.    October 23, 1906. — December 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*School and School Committee.    Evidence,* Presumptions and burden of proof. *Municipal Corporations.*

On the trial of a petition for a writ of mandamus to compel the school committee of a town to reopen a certain school, if the respondents in their answer aver that in their judgment the interests of the pupils who formerly attended the school closed by the committee required that they should be transferred to other schools affording greater facilities for education, and that the number of pupils attending the school closed by the committee was so small as in the judgment of the committee to render its maintenance inadvisable and unnecessary, it will be assumed, in the absence of any evidence to the contrary, that the respondents acted in good faith and that their judgment was correct.

Under R. L. c. 42, § 27, which gives to the school committee of a town "the general charge and superintendence of all the public schools," the committee in the performance of this duty act as public officers and not as the agents of the town, and a vote of a town to reopen a certain school, which would operate and 'is intended to operate to take pupils from schools to which they have been assigned by the school committee and transfer them to the reopened school, is not binding on the committee.

HAMMOND, J.    This is a petition for a writ of mandamus * to compel the respondents as they are the school committee of the town of Acushnet, to reopen the Bisbee School in that town. On October 7, 1905, the town voted to reopen the school, but the respondents refuse to comply with the vote.    The question is whether the vote is binding upon the respondents.

It appears that at some time previous to the vote there had been maintained in the town an ungraded school called the Bisbee School, which two children of the petitioner, each under ten years of age, attended ; that the committee had caused the school to be closed, " and thereafter the said children of petitioner were required, by order of said committee, to attend the graded school, located three quarters of a mile distant from said ' Bisbee School,' and called the ' Long Plain School,' and for a few days they attended the latter school, the committee then and now furnishing transportation to and from said school."    It further appeared that the number of pupils in the Bisbee School was small, their ages varying from four years to fourteen years, and that it was about half a mile from the petitioner's residence.

It also appeared that there are no school districts in the town, the attendance of the pupils at the several schools being regulated by the respondents ; that at the time of the vote the town maintained, in addition to the Bisbee school house, " a sufficient number of school houses, properly furnished, . . . in which houses schools were and are now maintained, to accommodate the total number of children who might legally attend the public schools therein, except that no high school is maintained " ; and that " such schools are under the direction of a superintendent employed by said town in conjunction with two other adjoining towns."

The respondents in their answer aver that in their judgment the interests of the pupils who attended the Bisbee School required that " they should be furnished the greater and systematized facilities for education which the . . . [Long Plain School] . . . offered in preference to reopening the . . . Bisbee School and required the attendance of said pupils " at the graded school ; and that the number of pupils formerly attending the Bisbee

---

* Reserved by *Lathrop*, J. for determination by the full court.

School is so small " as in the judgment of the . . . [respondents] . . . to render its maintenance inadvisable and unnecessary." In the absence of any evidence to the contrary it is to be assumed that the respondents are acting in good faith and that their judgment is correct.

The vote of the town was that " the town reopen the ' Bisbee School.' " It is well to see what under the circumstances was the meaning of this vote. It was not a vote to establish a high school or an evening and industrial school, nor simply to open the school house where the Bisbee School had been maintained. On the contrary it was an order that the pupils who formerly attended that school, or who under the previous custom naturally would have been assigned to it if it had not been closed, should be taken from the schools to which they had been respectively assigned by the respondents and sent to the old school, and there kept during the ordinary school hours. That is what the vote meant. If this order is valid, then the town may make a similar order as to every school house and every pupil, and transfer the pupils from school to school at its own will.

R. L. c. 42, § 27, provides that the school committee " shall have the general charge and superintendence of all the public schools." In the performance of this duty the committee act not as the agents of the town, but as public officers entrusted with certain powers and charged with corresponding duties. In the absence of the school district system the duty of assigning the pupils to the various schools is a part of the superintendence under this provision of the statute. This duty rests upon the committee ; and of course upon them rests also the responsibility for the proper discharge of it. While they may and should take into careful consideration any wish of the inhabitants of the town, whether expressed in a formal vote or otherwise, still in the end their own decision when reached is the decision of the Commonwealth, and is to control. To hold otherwise would be to put the superintendence of the school into the hands of two separate bodies, one the town and the other the school committee, each being likely to neutralize the good effect of the work of the other, and thus to create confusion and inefficiency in the school system. It is manifest that by the vote under consideration the town undertook to direct the committee in a matter over which

the committee under the statute had full control. It follows that the vote is inoperative and is in no way binding upon the committee.

*Petition denied.*

*D. T. Devoll*, for the petitioner.
*J. L. Gillingham*, for the respondents.