INDEPENDENT SCHOOL DISTRICT OF DOUDS v. T. G. MC-
CLURE, Appellant.

**Schools:** PURCHASE OF SITE. Upon appeal to the county superintendent and reversal of the action of the board of school directors in purchasing and paying for a school house site, the dis-

trict can recover back the purchase price without tendering a reconveyance of the property.

WEAVER, C. J., concurring.

*Appeal from Van Buren District Court.*— HON. M. A. ROBERTS, Judge.

THURSDAY, OCTOBER 24, 1907.

ACTION to recover balance due on the purchase price of an old school building of the plaintiff's sold by the authority of plaintiff's board of directors to the defendant, and to recover back from the defendant money paid to him in the purchase of a new schoolhouse site under proceedings for change of site, which were subsequently reversed on appeal to the county superintendent. A motion of plaintiff for a directed verdict in its favor for an amount, including both its claims, was sustained, and from judgment on such directed verdict the defendant appeals.— *Affirmed.*

*Wherry, Walker & McBeth,* for appellant.

*S. E. Irish* and *W. A. Work,* for appellee.

McCLAIN, J.— There is no controversy as to the facts on which the judgment of the trial court was based; and the sole question is as to whether as a matter of law the plaintiff district, having made a contract for the purchase of a schoolhouse site and accepted a conveyance thereof in consideration of credit given to the defendant for the purchase of the old building and for money paid, can without tendering a reconveyance have judgment against the defendant for the amount paid upon a reversal by the county superintendent of the action of the board in selecting the new schoolhouse site.

It must be conceded that the action of the board of directors of plaintiff in fixing a new site, under Code, section, 2773, is subject to the review of the county superintendent, under Code, section 2818, and that, after such action of the

board was reversed on appeal, plaintiff had no longer authority to hold or use the site purchased from the defendant for school purposes. No authority is given to a school district to acquire real property and hold it for any other purpose than as a site for a schoolhouse, nor can the board bind the district to pay for property acquired and held for any other purpose. Code, section 2743, authorizes school districts to hold property for the purposes for which property may be acquired, and they are only those specified by statute. Those who deal with the officers of a municipality are charged with notice of the scope of its authority, and that it is bound only by such contracts as are authorized by law. *Honaker v. Board of Directors,* 42 W. Va., 170 (24 S. E., 544, 32 L. R. A., 413, 57 Am. St. Rep., 847); *Danville v. Danville Water Co.,* 178 Ill., 299 (53 N. E., 118, 69 Am. St. Rep., 304). The defendant in selling and conveying to plaintiff a site for a schoolhouse was charged with notice that the title to such site was acquired subject to the reversal of the action of the school board of directors of plaintiff in selecting such site, and that, if its action should be reversed, it could not hold title to the property which it had attempted to acquire for such site. In others words, the acceptance of the conveyance was subject to the implied condition that it should become void on a reversal of the action of the board in selecting such site. We think that, when the action of the board was thus reversed, all right, title, and interest of the plaintiff ceased to exist, and the situation of the parties was the same as it would have been had no conveyance been attempted, or the site once acquired had been abandoned. Code, section 2816. The condition was in the nature of a condition precedent, and prevented title vesting in the plaintiff. The fact that a formal conveyance was in fact executed and accepted thereupon became wholly immaterial.

The contention of appellant is that the plaintiff district had apparent title by the conveyance, and should have tendered a reconveyance before suing to recover the consider-

ation paid, but we think that a reconveyance would have been unauthorized if attempted. The plaintiff district acquired no title, and therefore had nothing to reconvey. The facts and circumstances of the whole transaction were matters of public record, and any one dealing with reference to the property was bound to know their effect, and govern himself accordingly. The conveyance to the plaintiff was not recorded; but, even if it had been, the record would charge one dealing with the property only with notice that a conveyance had been executed, which was absolutely void because of the failure of the plaintiff to acquire any title to the property under the attempted sale.

The judgment of the trial court is therefore *affirmed*.

WEAVER, C. J. (concurring).— I concur in the foregoing opinion solely upon the ground that the deed to defendant had never been accepted or recorded, and the refusal of the county superintendent to approve the conveyance left the parties as they stood before the attempted or proposed transfer of title. I do not agree to the other propositions laid down in the opinion.