CLINE *v.* MARTIN ET AL.

*Schools — County districts distinct — From political subdivisions— Although territorial limits coextensive — Members of board not county officers — Section 1, Article X, Constitution — Section 4729, General Code (104 O. L., 136), constitutional — Section 26, Article II, and Section 3, Article VI, Constitution.*

1. A county school district as defined by Section 4684, General Code (104 O. L., 133), is distinct from a county political sub-division of the state and is not necessarily coextensive with the territorial limits of a county, but may contain within its limits territory of another county and exclude territory in the same county in which the larger part of its territory is situated.
2. The fact that in some instances the territorial limits of a county and a county school district may be the same, does not destroy the separate identity of the latter.
3. The members of a board of education of a county school district are not county officers within the meaning of Section 1 of Article X of the Constitution of Ohio.
4. Section 4729, General Code (104 O. L., 136), is not in violation of Section 1 of Article X or Section 26 of Article II of the Constitution of Ohio, but is a valid constitutional act of the general assembly under the authority conferred upon it by Section 3 of Article VI of the Constitution of Ohio.

(No. 15162 — Decided July 1, 1916.)

ERROR to the Court of Appeals of Holmes county.

On the 3d day of December, 1914, the county board of education of Holmes county adopted a resolution annexing to the Nashville village school district, for school purposes, adjoining territory, comprising four subdistricts.

Thereafter the defendants in error, other than William F. Crow, were appointed by the county commissioners of Holmes county as members of the board of education of the Nashville village school district, and as such board of education, on the 6th day of January, 1915, passed a resolution authorizing the submission to the electors of the proposition to issue bonds in the sum of $18,000, for the purpose of constructing a school building within such district.

On the 17th day of February, 1915, the plaintiff in error filed his petition in the common pleas court of Holmes county against the defendants in error to enjoin them from issuing and selling said bonds, from erecting a school building, and from compelling the pupils residing in the territory constituting the four subdistricts to attend the Nashville village school.

The plaintiff in his petition avers that he is an elector and taxpayer residing in Knox township, Holmes county, Ohio, in the territory described in the resolution adopted by the county board of education of Holmes county, Ohio, and that he brings the action on behalf of himself and other taxpayers similarly situated.

The petition further recites the adoption of the resolution by the county board of education on the 3d day of December, 1914, and avers that said county board of education is wholly without authority to change school district lines, or to transfer territory from one school district to another, except as is specially conferred by Section 4736, General Code, which authority is conferred for the sole and express purpose of arranging the schools according to topography and population in order that they may be most easily accessible to pupils; that no such purpose was expressed or intended in the resolution adopted; and that the sole purpose of defendants in obtaining the adoption of said resolution was to defeat the judgment and decree of the court of appeals, wherein it was held that the attempted effort of the defendants to establish a special school district embracing substantially the same territory was illegal and void.

The petition recites the discontinuance of the schools in the four subdistricts, in which the enumeration of pupils was 25, 39, 26, and 40, respectively, or a total of 130 pupils, who were thereby required and compelled to attend the school in the village of Nashville, and further recites that said defendants have provided four wagons to haul said pupils to the Nashville school, to the great inconvenience and detriment of the good health and welfare of said pupils, and at an expense of $180 per month to this plaintiff and other taxpayers in said territory.

Plaintiff further avers that the county board of education was wholly without authority to pass

said resolution, and that if it had any authority to make any such changes its action was a gross abuse of discretion and conferred no right or authority upon defendants, the board of education of the so-called Nashville village school district, to compel the attendance of said pupils at Nashville village school; no right or authority to issue and sell bonds; no right or authority to levy taxes to pay the principal and interest on said bonds; no right or authority to levy taxes upon plaintiff and other taxpayers in said territory to maintain said Nashville village school and transport said pupils thereto, nor to do any of the things they are now doing while acting as a pretended board of education for the said so-called Nashville village district.

On the 16th day of October, 1915, the plaintiff filed an amendment to this petition, which avers among other things that the village of Nashville was never organized at any time in its history as a village school district, but was controlled by the township school authorities; that it was not a village school district at the time said county board of education attempted to organize the so-called Nashville village school district; and that the members of said county board of education were never elected by the electors of Holmes county, but claim they were elected by certain presidents of boards of education, under the pretended provisions of Section 4729, General Code, which section is in contravention of Sections 1 and 2 of Article X, Section 2 of Article XVII and Section 1 of Article I of the Constitution of Ohio, and therefore null and void.

The answer of the defendants admits that the plaintiff is an elector and taxpayer residing in Knox township, Holmes county, Ohio; that William F. Crow is the clerk of the board of education of the Nashville village school district, and the other named defendants are members of the board of education; admits the resolution of the county board of education of Holmes county adopted on the 3d day of December, 1914; admits the providing of wagons for transporting pupils to the school in the village of Nashville; admits that the board has taken some steps to issue bonds in the sum of $18,000, and denies each and every other allegation in the petition.

Upon the issue so joined, the common pleas court found for the defendants, and dismissed the plaintiff's petition. Appeal was taken to the court of appeals, which court entered a similar judgment in favor of the defendants, and this proceeding in error is prosecuted in this court to reverse the judgment of the court of appeals.

*Mr. Carl Schuler; Mr. W. F. Garver* and *Messrs. Weygandt & Ross,* for plaintiff in error.

*Mr. C. H. Workman; Mr. George W. Sharp* and *Mr. C. J. Fisher,* for defendants in error.

DONAHUE, J. The most important question presented by the record in this case is the question of the constitutionality of Section 4729, General Code, as amended 104 Ohio Laws, 136.

It is contended that members of a county board of education are county officers, and come within

the provision of Section 1 of Article X of the Constitution, which requires the general assembly to provide, by law, for the election of such county and township officers as may be necessary.

While the statute designates them as county boards of education, yet their authority extends only over the territory included within the limits of a county school district. Section 4684, General Code, provides that each county, exclusive of the territory embraced in any city school district and the territory in any village school district exempted from the supervision of the county board of education by the provisions of Sections 4688 and 4688-1, and territory detached for school purposes, and including the territory attached to it for school purposes, shall constitute a county school district; and that in each case where any village or rural school district is situated in more than one county such district shall become a part of the county school district in which the greatest part of the territory of such village or rural district is situated.

This court in the case of *The State, ex rel. Pogue, Pros. Atty.*, v. *Groom*, 91 Ohio St., 1, said, at page 9:

"The character of a public office is determined by the nature of the public service to be performed in connection with the territorial limits of the authority to act in an official capacity."

A consideration both of the nature of the public service to be performed by a county board of education, and the territorial limits of its authority to act in an official capacity, leads to the inevitable conclusion that members of this board are not

county officers within the meaning of Section 1 of Article X of the Constitution:

1. The nature of their service is not such as the county performs in the discharge of its usual political or governmental functions. The Constitution of Ohio, as amended September 3, 1912, (Section 3, Article VI), authorizes the general assembly to provide by law for the organization, administration and control of the public school system of the state supported by public funds. This does not require that the school system of the state shall be organized, administered or controlled along the lines or within the territorial limits of the political subdivisions of the state. These may be used as a convenience in the establishment of school districts throughout the state, or they may be totally disregarded, but whether the lines of the political subdivisions are, or are not, coextensive with the school district, the administration and control of schools is not vested in the officers of that political subdivision but in a board of education for each school district.

Such boards are agencies of the state for the organization, administration and control of the public school system of the state, separate and apart from the usual political and governmental functions of other subdivisions of the state. The fact that certain officers of other subdivisions may be delegated some duties or authority in relation thereto does not change the status or destroy the separate identity of the school district.

This court in the case of *Mills* v. *City Board of Elections et al.*, 54 Ohio St., 631, affirmed the judg-

ment of the circuit court of Franklin county (9
C. C., 134) holding that "the act of April 24,
1894, conferring upon women the right to vote and
be voted for at any election held for the purpose
of choosing any school director, member of the
board of education or school council under the gen-
eral or special laws of the state is valid, it being
within the power to provide for the establishment
and maintenance of common schools which the con-
stitution confers upon the general assembly, and
not within the limitation contained in section one of
article five."

'If the contention of plaintiff in error were sus-
tained, it necessarily follows that the judgment of
this court affirming the judgment of the circuit
court in the case just cited would have to be over-
ruled; for if the members of a county board of
education are county officers within the meaning of
Section 1 of Article X of the Constitution of Ohio,
then, by the same course of reasoning, the members
of a board of education of a township school dis-
trict, as they existed at that time, were township
officers within the meaning of the same constitu-
tional provision.  Evidently this court reached a
different conclusion in the above case, otherwise
the judgment of the circuit court would not have
been affirmed.

If there were any doubt about the correctness of
the ruling of this court in the case of *Mills* v. *City
Board of Elections et al., supra,* that doubt is entirely
removed by the amendment to the constitution of
September 3, 1912, which amendment supplements
Sections 1 and 2 of Article VI.  There is now no

other possible construction of these sections than that given them by this court in the case of *Mills* v. *City Board of Elections et al., supra,* in so far as they affected the decision in that case.

That judgment of the circuit court was affirmed, without report, upon the authority of *State, ex rel.,* v. *City of Cincinnati,* 19 Ohio, 178. In that case this court expressly recognized the distinction between a member of the board of education of a township school district and a township officer. In the opinion by Hitchcock, C. J., at page 197, it is said: "Now a school director, although in some respects a public officer, is not even a township officer. He is merely the officer of a school district— a political organization unknown to the constitution—a mere creature of legislative enactment."

It would appear from these decisions that the question whether or not a member of a board of education is a township, county, or municipal officer is no longer an open one in this state.

2. The territorial limits of a county school district are not identical with those of the county. It is true, however, that in some instances they are identical, but that is merely accidental, and not because the statute creating a county school district requires that they shall be the same in any case. The fact, however, that they may not be the same in any one case, is sufficient to show that they are not identical. If a county school district in any one county may include territory in an adjacent county, attached for school purposes, and exclude from its limits territory within its own county, detached for school purposes, or constituting a city or village

school district, then it follows that county school districts are not necessarily coextensive with county lines; although it may happen in many cases that they are the same today, but different tomorrow.

It would therefore appear that not only the "nature of the public service to be performed" but also the "territorial limits of the authority to act in an official capacity" clearly distinguish members of county boards of education from county officers.

It is further insisted that this act offends against Section 26 of Article II of the Constitution. Undoubtedly this is a law of a general nature; but it is equally clear that it has a uniform operation throughout the state, for "it operates upon every person brought within the relation and circumstances provided for, and in every locality where the condition exists." *Assur* v. *Cincinnati et al.,* 88 Ohio St., 181, 186, and cases therein cited.

The classification attempted in this statute is not only proper and reasonable, but absolutely necessary in order to carry out the provisions of Section 3 of Article VI of the Constitution in an intelligent and practical manner. It is based upon a substantial difference between conditions in a municipality and conditions in the rural districts. It comes clearly within the same principle as the classification of cities and villages according to the population of each.

Other questions of fact are presented by this record, but upon the evidence introduced in the trial of the case the court of appeals determined these facts adversely to the contention of the plaintiff in error. Yet, even if the finding and judgment

of the court of appeals were against the weight of the evidence, that could not affect the disposition of this case. .

Section 4735, General Code, provides that the present existing township and special school districts shall constitute rural school districts until changed by the county board of education. Section 4736, General Code, authorizes the county board of education to create a new school district from one or more school districts or parts thereof.

Under the provisions of the latter section, the county board of education had the authority to create this new district from one or more school districts or parts thereof, even though Nashville was not then a village school district. If the county board of education were in fact mistaken as to Nashville being a village school district, then the new district it created is a rural district, and, under the provisions of Section 4736-1, General Code, the board of county commissioners is authorized to appoint the members of its board of education. If it is a village district, the appointment is valid under the provisions of Section 4710, General Code. In either case this board of education has the authority to perform the acts complained of in the petition.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, WANAMAKER, NEWMAN, JONES and MATTHIAS, JJ., concur.