Matthias, J.
On September 25, 1915, the county board of education of Seneca county school district, in conjunction with the county board of education of Wyandot county, acting under authority conferred by Section 4696, General Code, detached a strip of territory from the district theretofore known 'as the Seneca township rural school district and attached the same to the Wyandot county school district, and at the same *125 time said boards of education decided upon a division of the school funds and directed that of the $2,788.59 then in the treasury of the Seneca township school district there should be turned over to the Wyandot county school district the sum of $1,115.43. The action of said boards of education making such transfer was taken in compliance with a petition of more than fifty per cent, of the qualified electors of the territory, the transfer of which was sought. Immediately thereafter the Wyandot county board of education combined the territory thus transferred with another rural school district in Wyandot county, and thereby created a new district, denominated the McCutchenville village school district. All the members of the board of education of the Seneca township school district at the time of the transfer of a portion of that district to the Wyandot county school district were residents within the territory so transferred. Thereupon the board of county commissioners of Seneca county, acting under authority of Section 4736-1, General Code (106 O. L., 550), designated and appointed other persons to be members of the board of education of the Seneca township school district.
A majority of the electors living in the transferred territory, within thirty days after the passage of the resolution making such transfer, filed a remonstrance with the board of education of Seneca county, Ohio, against the proposed transfer. The board of education of the Seneca township rural school district, as formerly constituted, instituted action in the court of common pleas and *126 thereby sought to prevent, by injunction, the consummation of the transfer of such territory and payment of any of the funds of Seneca township rural school district, except upon order of the plaintiff for the maintenance and support of the schools of such district. The court of common pleas found in favor of the defendants, and dismissed the petition of plaintiff.
The case was submitted on appeal to the court of appeals of Seneca county upon an agreed statement of facts, the substance of which is as above stated. The court of appeals also found for the defendants and refused the injunction sought by plaintiff.
The plaintiff in error challenges the constitutionality of the legislation commonly known as the “New School Code,” enacted in 1914, which creates a county board of education in every county of the state and empowers such board to establish and change school district boundaries and transfer territory from one district to another and perform other- duties, and rests its claim for relief chiefly upon that contention.
Since this case was filed here, this court has passed upon the question of the constitutionality of the school code, in the case of Cline v. Martin et al., 94 Ohio St., 420, holding that the same does not in any way contravene any provision of the constitution.
The contention that the remonstrance filed was effective to prevent a consummation of the transfer of territory is not well founded. The action of the boards of education of the two counties is *127 authorized by Section 4696, General Code (106 O. L., 397), which provides that a part or all of a school district of the county school district may be transferred to an adjoining exempted village school district or city school district, or to another county school district, provided at least fifty per centum of the electors of the territory to be transferred petition therefor, and that if at least seventy-five per cent, of the electors petition therefor the county boárd of education shall make such transfer. In relation to such proceeding .there is no provision whatever for the filing of a remonstrance. There is such a provision in Section 4692, General Code (106 O. L., 397), which section has to do only with the transfer of a part of a school district of the county to an adjoining district or districts of the county school district. In such case, however, action is authorized without any petition, and may be taken upon the initiative of the board of education itself, but the section provides that such transfer shall not take effect if a majority of the qualified electors residing in the territory to be transferred, within thirty days after the filing of the map with the county auditor showing the boundaries of the transferred territory, file with the county board of education a written remonstrance against such proposed transfer. In other words, under Section 4692 the county board may transfer territory from one district to another within the county without petition, but a majority of the electors by filing a remonstrance, within thirty days, may avoid or veto the action of the board of education; whereas, on the other hand, under Section 4696, territory can *128 not be transferred from' one county district to a district of another county until at least fifty per cent, of the electors residing in the territory proposed to be transferred seeks the same by petition.
A county board of education may transfer territory to another county district upon the petition of fifty per cent, of the qualified electors of the territory to be ■ so transferred, and must make such transfer upon the petition of seventy-five per cent, of such electors. If the provision of Section 4692, with reference to remonstrances, applied to proceedings under Section 4696, then it would be possible for a bare majority of the electors to recall the action of the board of education initiated by the petition of fifty per cent, of the electors of such territory; and such remonstrance would have a like effect even if the proceedings to transfer such territory had been initiated by at least seventy-five per cent, of' the electors of the territory, and the board of education had acted pursuant to the mandatory provisions of Section 4696.
It is, therefore, quite apparent that although these two sections of the General Code were enacted at the same time and as a part of the same general legislation, the provision for a remonstrance has to do only with the proceeding provided for in Section 4692, and has no application whatever to a proceeding pursuant to the provisions of Section 4696.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Jones, JJ., concur.