Allen, J.
 

 The statute in force in 1910, when the deed in question was executed, did not create any trustees in a township school district. Hence reference will be made throughout this opinion, not to the trustees, but to the board of education of the Crosby school district.
 

 The Court of Appeals based its conclusion upon Section 7730-1, General Code, which provides that under certain circumstances a school building shall not be sold by the board of education of the district until after four years from the date of suspension of such school, and makes further provision for selling the building and grounds of such a school, etc. This statute, however, does not affect the particular problem set out in this record. It became effective in July, 1925, long after the date of the deed, September 12, 1910, and hence could not alter the rights of the grantor and the grantees as fixed therein. To hold otherwise would be to impair the obligation of the contract, for it would restrict the force of the agreement and alter its meaning. 6 Ruling Case Law, 323
 
 et seq.; Goodale
 
 v.
 
 Fennell,
 
 27 Ohio St., 426, 22 Am. Rep., 321.
 

 Neither can this case be decided upon the rule of law laid down this day in
 
 In re Copps Chapel Methodist Episcopal Church,
 
 cause No. 21246,
 
 ante,
 
 309, 166 N. E., 218. In that case this court held that where a deed to church trustees contains no provision for reversion or forfeiture, even though it de
 
 *340
 
 dares that the grantees and their snccéssors are to have and to hold said property so long as said lot is held and used for church purposes, all of the estate of the grantor is conveyed by such deed to the grantees. In the instant case, however, the deed contained a reverter clause, providing that “if at any time the premises herein described shall cease to be used for school purposes, the same shall at once vest in said grantors, their heirs and assigns forever,” which completely differentiates the two cases upon the facts. Indeed the school board makes no claim here to the land.
 

 It is to be observed that this case involves not merely a contract between private parties, but a contract made between private parties and public officers. It involves the question whether public officers can by indirection dispose of public property in a manner in which they could not dispose of such public property if acting directly. A member of a school board, while he is not a township, county, or city officer, is a public officer. 35 Cyc., 899;
 
 Ogden
 
 v.
 
 Raymond,
 
 22 Conn., 379, 58 Am. Dec., 429;
 
 Morse
 
 v.
 
 Ashley,
 
 193 Mass., 294, 79 N. E., 481;
 
 Cline
 
 v.
 
 Martin,
 
 94 Ohio St., 420, 115 N. E., 37;
 
 Wogoman
 
 v.
 
 Board, of Education of Rural School Dist. of Perry Twp.,
 
 95 Ohio St., 409, 116 N. E., 1087;
 
 Leatherman
 
 v.
 
 Board of Education of Allen County,
 
 96 Ohio St., 596, 118 N. E., 1083.
 

 The strictness with which the powers of public officers are to be exercised is evidenced by a great variety of cases, ending in this state with the decision in
 
 State, ex rel. A. Bentley & Sons Co.,
 
 v.
 
 Pierce, Auditor,
 
 96 Ohio St., 44, 117 N. E., 6, which holds that the contractual power of an officer or board is
 
 *341
 
 fixed by the statutory limitations upon Ms power, and that any doubt as to the power of a public officer, as between himself and the public, must be resolved in favor of the public and against the officer. Public officers have no power except such as expressly given.
 
 Ireton
 
 v.
 
 State, ex rel. Hunt,
 
 12 C. C. (N. S.), 202, 21 C. D., 412, affirmed without opinion, 81 Ohio St., 562, 91 N. E., 1131;
 
 Peter
 
 v.
 
 Parkinson, Treas.,
 
 83 Ohio St., 36, 93 N. E., 197, Ann. Cas., 1912A, 751.
 

 It is in line with this theory that estoppel cannot supply a total want of statute power for purely public purposes.
 
 Board of Education of Village of
 
 Westwood v.
 
 Sinton,
 
 41 Ohio St., 504;
 
 Lee, Treas.,
 
 v.
 
 Sturges,
 
 46 Ohio St., 153, 19 N. E., 560, 2 L. R. A., 556. This proposition has been applied in this state directly to boards of education. In the case of
 
 State, ex rel. Clarke,
 
 v.
 
 Cook, Aud.,
 
 103 Ohio St., 465, 134 N. E., 655, this court held that boards of education and other similar governmental bodies are limited in the exercise of their powers to such as are clearly and distinctly granted. This rule was drastically applied in the case of
 
 Independent School District of Douds
 
 v.
 
 McClure,
 
 136 Iowa, 122, 113 N. W., 554, which held that the defendant, in conveying a schoolhouse site, was charged with notice that the title to such site was acquired subject to the reversal of the action of the board of directors of the school district, and that, hence, when the action of the board in purchasing the site had been reversed, the district can recover back the purchase price without tendering a reconveyance of the property. While this case did not involve a reverter of the land, it was based upon the proposition that
 
 *342
 
 those who deal with officers of a school district are charged with notice of the scope of their authority, and that the school district is bound only by such contracts as are authorized by law.
 

 It would be clearly
 
 ultra vires
 
 on the part of the school board to convey this school building to the heirs of the grantor without consideration, although by proper deed executed in compliance with every formal and technical requirement. Public officers intrusted with public funds or public property cannot give them away, nor can they pass title to public property except when acting within their strict powers. Property devoted to public use can only be disposed of by express authority, and a school corporation must pursue the statutory method of disposing of its property.
 
 Caldwell
 
 v.
 
 Bauer,
 
 179 Ind., 146, 99 N. E., 117.
 

 In 1910, at the time this deed was executed, Section 3953, Revised Statutes (2 Bates Ann. Ohio Stats. [6th Ed.]), provided that the income from the common school fund should be applied exclusively to the support of common schools. At that same time, Section 3971, Revised Statutes, provided that when a board of education decides to dispose of any property, real or personal, exceeding $300 in value, it shall sell the same at public auction. If the schoolhouse was worth $300, this statute would have applied. Can the board, by mere acquiescence in the terms of the deed, wipe out such limitations upon their power?
 

 Schwing was presumed to know these provisions in the statute. He was presumed to know the strict bounds set upon the power of the school board in the use and disposal of public property. While no
 
 *343
 
 fraud was charged in the petition* and none is imputed to Schwing in this opinion, at the time the deed was executed he was himself a member of the school board, and had unusual reason for being actually acquainted with the statutory restrictions upon the school board’s power. To hold now that this school building, erected with public funds, which perhaps could not have been sold directly, except at public auction, passes to him without consideration, violates the entire meaning and intent of these restrictive statutes.
 

 There are certain decisions of the lower courts in this state which under such circumstances have held that the board of education is entitled within a reasonable time to remove the school building, upon the ground that it is a trade fixture. The majority of the court does not concur in this conclusion. An extensive search of the digests discloses a surprising want of authority upon the particular question, and also some authority counter to this proposition.
 
 New Hebron Consolidated School Dist.
 
 v.
 
 Sutton
 
 (Miss., 1928), 118 So., 303. Such decisions, however, do not discuss the feature of the case which we consider all-important herein.
 

 State, to Use of Inhabitants, etc.,
 
 v.
 
 State Bank,
 
 5 Ind., 353, is a decision which we consider sound, based upon the general proposition which we think controls this case. In that controversy, a. school commissioner had loaned to an applicant $1,527 of school funds, taking a mortgage as security therefor. Under the express letter of the statute, the school commissioner was not authorized to loan more than $300 to any one applicant at a time. The court held that the mortgage given to secure the loan was abso
 
 *344
 
 lutely void. The fifth paragraph of the syllabus states: “A school commissioner is not a mere agent, but an officer whose duties are prescribed by law, and any act of his, in direct conflict with a statute, is a nullity.”
 

 There was nothing in the statutes of Ohio in 1910 which authorized a board of education to use public funds to erect a public school building, and to convey such school building without consideration to any party whatever. No such power was necessarily implied from the powers which were expressly given. Since there was a total want of power in the school board to accomplish this result, acting directly, it could not be consummated by the mere acceptance of a deed containing a reverter clause under which the land itself goes back to the heirs of the grantor.
 

 We, therefore, hold that the schoolhouse remains the property of the school district, and that the Court of Appeals was correct, in adjudging that the trustees have the right to sever it from the realty, in spite of the reverter clause in the deed.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones and Matthias, JJ., concur.