## JONES v PERRY TOWNSHIP BOARD OF EDUCATION

## PERRY TOWNSHIP BOARD OF EDUCATION v CARTER

Ohio Appeals, 4th Dist, Galia Co.

Decided June 14, 1929.

Henry W. Cherrington, Gallipolis, for land owners.

R. M. Switzer, Gallipolis, for board of education.

Judges RICHARDS and LLOYD (6th Dist) sitting.

LLOYD, J.

Both cases were tried in the Common Pleas without that court having the advantage of the recent opinion of the Supreme Court relating to the ownership of school buidings no longer used for school purposes. **Schwing v McClure, 7 Abs 255.** On the authority of that case we have no difficulty in determining that the board of education in each of these cases is the owner of the school house, and as an incident to such ownership has a right to remove the same whenever it has been determined that the building will be no longer used for school purposes.

In neither case are we satisfied that the board of education has effected a title by adverse possession. The statute at the time the buildings were erected (**70 O. L. 210**) authorized the school authorities to either purchase or lease sites upon which to build school houses. If the undisputed testimony in these cases is of any force no site was purchased in either case. The testimony is consistent with a lease. Whether or not a lease was made or ought to have been made we do not determine. It would have been legal to have made a lease, and a lease would have been consistent with all of the testimony offered by the land owners in that respect. And tho we were satisfied that no lease had been made the testimony referred to indicates a permissive use of the property by the board of education, granted by the land owner and accepted and enjoyed by the board of education.

Our judgment is that the judgment in both cases be modified, fixing the rights of the board of education to the possession and right of removal of the school houses provided that such school houses be removed not later than October 1, 1930, and of the property owners to the fee of the land. If the defendant in error in either of the cases refuses to accede to such modification the judgment in such case will be reversed as being opposed to the weight of the evidence and the case remanded for a new trial. If either defendant in error consents to the modification suggested the judgment in such case will be modified accordingly and as modified affirmed.

Mauck and Richards, JJ, concur.