## BOBST et v FENTON et

Ohio Appeals, 4th Dist, Scioto Co
No 248. Decided March 12, 1930

William J. Meyer, Portsmouth, for Bobst et.

A. Z. Blair, Portsmouth, for Fenton, et.

## HARTANG v BUCHHOLZ

Ohio Appeals, 6th Dist, Erie Co
No 321. Decided April 19, 1930

John F. McCrystal, Sandusky, for Hartang.

King Ramsey & Flyn, Sandusky, for Buchholz.

BY THE COURT.

Following the election for members of the County Board of Education of Scioto County at the November election, 1929, Fred Bobst and others undertook to contest the election of Fenton and others who had been declared elected. The contestors filed the notice of appeal to the Court of Common Pleas contemplated by **5149 GC.** That court upon motion dismissed the appeal upon the ground that no contest could be had for this particular office under the section referred to. The right to contest was asserted under the provisions of **Section 5148** and following of the **General Code. Section 5148** gives the right to contest the election of anyone who has been declared elected "to any county office or to the office of probate judge". It is now sought to reverse the order of the Common Pleas dismissing the appeal, and the soundness of that order depends upon whether or not a member of a county board of education is a county officer.

The election of members of all of the different boards of education are by statute required to be made in the odd numbered years. **Section 1, Article XVII,** of the **Constitution** as adopted in 1905, requires county officers to be elected in the even numbered years. If we were to hold that members of the county board of education are county officers we would be required to hold that the section providing for their election in the odd numbered years is unconstitutional. **State ex rel v. City of Cincinnati, 19 Ohio 178,** and **Cline v. Martin, 94 OS. 420,** require an affirmance of the judgment.

Middleton, PJ., Mauck and Blosser, JJ., concur.