O’Donnell, J.,
dissenting.
{¶ 47} Respectfully, I dissent.
{¶ 48} The issue in this case is whether relators John Nese, Donald Williams, and Catherine Miles are teachers entitled to participate in the State Teachers Retirement System (“STRS”) in connection with their employment at the Jefferson County Educational Service Center providing teaching services through the virtual learning academy (“VLA”). In my view, they are teachers because they meet the statutory definition of teachers, and the appellate court magistrate determined that the STRS had abused its discretion in concluding that the relators were independent contractors. In addition, the appellate court magistrate found that the Jefferson County Educational Service Center employed Nese, Williams, and Miles to provide teaching services through the VLA.
{¶ 49} Nese, Williams, and Miles each held a license to teach from the state of Ohio, each instructed students not only in public schools but also through the VLA of the Jefferson County Educational Service Center, an agency supported by the state, and each contributed to STRS for their years of service. STRS objected to the legal conclusions of the magistrate. On its review, the appellate court approved and adopted the magistrate’s findings, but then disregarded them by concluding that Nese, Williams, and Miles were independent contractors.
{¶ 50} Because Nese, Williams, and Miles qualify statutorily as teachers, because the magistrate’s findings are supported by the record, and because the appellate court abused its discretion by adopting the findings of the magistrate but then denying the writ, I would reverse the decision of the appellate court and grant the writ.
Factual Background and Procedural History
{¶ 51} Nese, Williams, and Miles taught school in Jefferson County, and they also taught courses through the VLA of the Jefferson County Educational Service Center, an Internet-based educational system designed for K-12. Accord *115 ing to the magistrate’s decision, Nese provided teaching services through the VLA from the 2005-2006 fiscal year through the 2007-2008 fiscal year, Williams and Miles provided services in the program from the 2004-2005 fiscal year through the 2007-2008 fiscal year, and contributions were submitted to STRS by relators and the Jefferson County Educational Service Center for that service. However, in a December 2008 letter, STRS refunded $14,771.93 in contributions, asserting that earnings for the VLA were being returned as unauthorized contributions.
{¶ 52} In December 2009, Nese, Williams, and Miles filed a mandamus complaint in the Tenth District Court of Appeals seeking to compel STRS to accept their contributions for earnings from the Jefferson County Educational Service Center. The appellate court referred the matter to a magistrate, who found that the Jefferson County Educational Service Center employed Nese, Williams, and Miles to provide teaching services through the VLA, further found that relators had received W-2 and 1099 forms from the Jefferson County Educational Service Center, and concluded that relators’ receipt of these “does not indicate independent contractor status.” The magistrate also noted that the Jefferson County Educational Service Center exercises control over relators and concluded that their status was that of employees, not independent contractors. The magistrate also referred to an STRS employer fact sheet, which suggested that even hiring independent contractors does not necessarily relieve the employer of the obligation to forward contributions on earnings. The magistrate thus concluded that Nese, Williams, and Miles fit within the statutory definition of teacher and recommended that the writ be allowed to permit them to participate in STRS.
{¶ 53} The appellate court, after reviewing the magistrate’s recommendation and adopting its findings, rejected the magistrate’s legal conclusions and instead concluded that STRS did not abuse its discretion in concluding that relators are independent contractors.
{¶ 54} Relators and the Jefferson County Educational Service Center appealed that denial to this court.
Standard of Review
{¶ 55} This court applies a standard of abuse of discretion when reviewing an appellate court decision on a complaint seeking a writ of mandamus. State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs., 70 Ohio St.3d 94, 97, 637 N.E.2d 311 (1994) (applying abuse-of-discretion standard to appellate court’s decision in a mandamus case). “The term ‘abuse of discretion’ means an unreasonable, arbitrary, or unconscionable decision.” State ex rel. Pipoly v. State Teachers Retirement Sys., 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14.
*116 Relators are Teachers
{¶ 56} R.C. 3307.01(B)(5) defines the term “teacher” to include “[a]ny other teacher or faculty member employed in any * * * other agency wholly controlled and managed, and supported in whole or in part, by the state or any political subdivision thereof.” Because the Jefferson County Educational Service Center is a successor to a county school district, it receives funding from the state. R.C. 3311.05(A); R.C. 3301.07(C). In Cline v. Martin, 94 Ohio St. 420, 426, 115 N.E. 37 (1916), we characterized boards of education of county school districts as “agencies of the state for the organization, administration, and control of the public school system of the state, separate and apart from * * * other subdivisions of the state.” Thus, in conformity with this statute, educational service centers are agencies supported in whole or in part by the state. See generally R.C. 3317.11.
{¶ 57} In addition, R.C. 3307.01(B)(5) emphasizes the capacity in which employment occurs, in order to distinguish those employed as teachers from those employed in other capacities, such as cooks or custodians or administrators, etc. This statute therefore defines teachers as those employed in the capacity of teachers or faculty members employed in an agency supported by the state. Here, each relator is a member of the teaching profession, has a license to teach issued by the state of Ohio, and provided teaching services through the VLA by virtue of employment at the Jefferson County Educational Service Center, an agency that is supported by the state.
{¶ 58} Notably, the General Assembly does not use the term “employee” in R.C. 3307.01(B)(5), nor does it require employment status as it has done in other statutes relating to retirement systems. Compare R.C. 145.01(A)(3) (“public employee” means “[a]ny person who is an employee of a public employer, notwithstanding that the person’s compensation for that employment is derived from funds of a person or entity other than the employer”) (emphasis added); R.C. 5505.02 (membership in the Ohio State Highway Patrol Retirement System “includes all state highway patrol employees, as defined in [R.C. 5505.01], and such membership is mandatory for such employees”) (emphasis added). Although the General Assembly could have required a teacher to be an employee in the definition of “teacher” in R.C. 3307.01(B)(5), it did not do so.
{¶ 59} Thus, in my view, relators were employed as teachers in the Jefferson County Educational Service Center within the meaning of R.C. 3307.01(B)(5).
Employee vs. Independent Contractor
{¶ 60} STRS urges that R.C. 3307.01 permits only those employed as teachers to participate in the retirement system, claiming that some evidence supports its *117 determination that Nese, Williams, and Miles were independent contractors, not employees, and ineligible to participate in STRS.
{¶ 61} Contrary to this position, the magistrate found that the Jefferson County Educational Service Center employed them as teachers, and that finding is supported by competent, credible evidence: W-2 forms issued to relators for at least some of their years of service and the control of the mode and manner of instruction by the Educational Service Center. Notably, in Gillum v. Indus. Comm., 141 Ohio St. 373, 48 N.E.2d 234 (1943), we explained that an individual is an employee, rather than an independent contractor, when the employer has the right to control the manner in which the individual works. Id. at paragraph two of the syllabus.
{¶ 62} And the magistrate also noted that an STRS employer fact sheet instructs that STRS may still require contributions from those hired as independent contractors:
Hiring an individual to fill an STRS Ohio-covered position through an independent contract or a temporary agency does not necessarily relieve an employer’s obligation to make contributions on earnings to STRS Ohio. If the individual’s duties are the same as those performed by teachers or administrators under employment contracts, STRS Ohio considers the individual to be an employee and requires contributions to be remitted to STRS Ohio.
Please note that an agreement to be an independent contractor is not the sole indicator of a true independent contract relationship. Primary criterion cited in Attorney General Opinions and IRS Guidelines for distinguishing between an independent contractor and an employee is the right of the employer to control the “mode and manner” of the work performed.
(Emphasis added.)
{¶ 63} The magistrate’s recommendation concluded as follows: “Given the record, the fact that relators fit within the definition of R.C. 3307.01(B)(4), and STRS policy regarding independent contractors, the evidence fails to support [State Teachers Retirement Board’s] finding that relators are not members of STRS for the employment with [Jefferson County Educational Service Center] and teaching at the VLA.” 2011-Ohio-6764, 2011 WL 6923145, ¶ 51.
{¶ 64} The difficulty for me with the court of appeals’ opinion is that it adopted the factual findings of the magistrate, ¶ 13, but then disregarded those findings in its analysis when it concluded that the STRS did not abuse its discretion in concluding that the relators were independent contractors. The appellate court’s *118 conclusions contradict the findings it adopted, and because relators did prove their entitlement to participate in STRS for at least some of their years of service, the court of appeals abused its discretion in denying the writ.
Green, Haines, Sgambati Co., L.P.A., Ira J. Mirkin, Stanley J. Okusewsky III, and Charles W. Oldfield, for appellants John Nese, Donald Williams, and Catherine Miles.
Pepple & Waggoner, Ltd., R. Brent Minney, and Mark J. Jackson, for appellant Jefferson County Educational Service Center Governing Board.
Michael DeWine, Attorney General, and Allan K. Showalter and John E. Patterson, Assistant Attorneys General, for appellee.
Conclusion
{¶ 65} Nese, Williams, and Miles satisfy the definition of teacher set forth in R.C. 3307.01(B)(5). The Jefferson County Educational Service Center, an agency supported by the state, employed them as teachers, they served in that capacity for several years, they made STRS contributions during that time, and they relied on their status as teachers for their retirement. The sudden and unexpected refund of those contributions by STRS on its assertion that contributions for earnings from the VLA are unauthorized is wholly unwarranted.
{¶ 66} Accordingly, I would conclude that the court of appeals abused its discretion in adopting the findings of its magistrate but then concluding, contrary to those findings, that STRS did not abuse its discretion in returning what it called “unauthorized” contributions. I would therefore reverse the judgment of the court of appeals and grant the requested writ.
Pfeifer and O’Neill, JJ., concur in the foregoing opinion.