THE STATE, EX REL. HAY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Hay, *v.* Indus. Comm. (1990), 52 Ohio St. 3d 99.]

(No. 89-235—Submitted April 17, 1990—Decided June 27, 1990.)

100

*Dennis Seaman,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Donald R. Ford, Jr.,* for appellant.

*Per Curiam.* We are again asked to review the commission's order for "some evidence" pursuant to *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Confining our examination to the evidence cited in the commission's order, we find no evidence to support its decision.

Dr. Combs' September 25, 1984 and September 30, 1986 reports attribute appellee's disability exclusively to his 1975 claim. Similarly, Dr. Katz acknowledges all the allowed conditions, but bases his conclusion essentially on symptoms and restrictions that relate to the later injury.

We reject the suggestion that the prior thirty-five-percent permanent partial disability award in the 1971 claim is some evidence supporting the commission's allocation. As we have often stated, a permanent total disability is not measured numerically but is instead based on the claimant's ability to engage in sustained remunerative employment. *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 1 OBR 135, 438 N.E. 2d 420.

For the reasons set forth above, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.