THE STATE EX REL. YELLOW FREIGHT SYSTEM, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Yellow Freight Sys., Inc. v.
Indus. Comm.* (1994), 71 Ohio St.3d 139.]

(No. 93–1955—Submitted October 11, 1994—Decided December 14, 1994.)

*Buckingham, Doolittle & Burroughs* and *Deborah Sesek,* for appellant.

*Lee Fisher,* Attorney General, *Michael P. O'Grady* and *William J. McDonald,* Assistant Attorneys General, for appellee.

*Per Curiam.* Yellow Freight does not contest claimant's entitlement to permanent total disability compensation, objecting instead to the commission's

decision to allocate the entire cost of the award to the Yellow Freight claim. We find Yellow Freight's arguments to be persuasive and accordingly reverse the judgment of the court below.

The commission argues that Dr. Smith's report and the preponderance of compensation and medical expenses paid in the Yellow Freight claim support the apportionment. This reasoning, however, did not appear in the commission's order, nor did the commission purport to rely on this evidence. The commission nevertheless suggests that because the reasoning appeared in the February 4, 1992 district hearing officer memo reviewed by the commission, it should be assumed that it formed the basis of the commission's order. We disagree.

The commission speaks only through its final actions, i.e., its orders. *Indus. Comm. v. Hogle* (1923), 108 Ohio St. 363, 140 N.E. 612. Consistent with this tenet, evidentiary review is limited to the evidence and reasoning identified *in* the order. *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. A reviewing court will not search the record for some evidence supporting the commission's order not otherwise specified as a basis for its decision. *Id.*

The commission's proposal contradicts these evidentiary precepts and eviscerates the recent directives established by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The commission's theory effectively dispenses with the need for giving any reasoning for granting permanent total disability, since the reviewer would be expected to assume that, somewhere in the record, evidence supporting the commission's position existed.

Contrary to the commission's representation, neither *Mitchell* nor *Noll* confines the need for adequate evidentiary explanation and identification to questions of pure award or denial of compensation. *All* matters affecting the rights and obligations of the claimant or employer merit an explanation sufficient to inform the parties and potentially a reviewing court of the basis for the commission's decision.

The commission's allocation also cannot be defended by its citation to *Swigart, supra.* Swigart suffered industrial injuries in 1966, 1970 and 1974, the last being formally recognized as an aggravation of the 1970 injury. Seventy-five percent of the claimant's permanent total disability was assigned to the 1974 claim and the remainder to the 1970 claim.

The appellate court vacated the commission's order and directed it to award one hundred percent of the disability to the 1974 claim. The appellate court found no medical evidence supporting the commission's allocation, and held that the recognition of the 1974 claim as an aggravation of the 1970 injury was insufficient to justify an allocation of some of the disability to the earlier injury.

The commission and the present appellate court apparently interpret *Swigart* as directing a one hundred percent allocation to the most recent claim where the relevant claims involve, in whole or in part, the same areas of the body. *Swigart* is neither this broad nor directly on point. *Swigart* did not dictate a total allocation of disability to the later claim merely because the low back condition was allowed in both. This court ordered a total allocation of disability because there was *no evidence* to justify apportionment of any disability to the 1970 claim.

The case at bar is not a "no evidence" case. To the contrary, the evidence expressly relied on by the commission—Dr. Parks' report—attributes claimant's permanent total disability to claimant's "claims." The presence of "some evidence" supporting allocation distinguishes this case from *Swigart* and merits vacation of the commission's order, and a return of the cause for further consideration of the allocation question.

Resolution of this issue on the evidentiary basis explained above forecloses the need for addressing Yellow Freight's constitutional argument. *Greenhills Home Owners Corp. v. Greenhills* (1966), 5 Ohio St.2d 207, 34 O.O.2d 420, 215 N.E.2d 403. Accordingly, we decline to consider that challenge at this time.

The appellate judgment is hereby reversed and the cause is returned to the commission for further consideration and an amended order.

*Judgment reversed.*

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents.