THE STATE EX REL. AIRBORNE FREIGHT CORPORATION, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Airborne Freight Corp. v. Indus. Comm.,* 117 Ohio St.3d 369, 2008-Ohio-1116.]

(No. 2007–0679–Submitted January 22, 2008—Decided March 19, 2008.)

**Per Curiam.**

{¶ 1} Appellee David A. Paskalik was injured at work in 1998 and was awarded temporary total disability compensation from February 17, 2004, through July 26, 2005. The compensation was to be continued upon medical proof. His self-insured employer, appellant Airborne Freight Corporation, is before us seeking to vacate that award.

{¶ 2} Paskalik's workers' compensation claim was originally recognized for "lumbar disc." In late 2002, a letter from Airborne's third-party administrator indicated that Airborne "agreed to reopen the claim for Degenerative Disc Disease L4–S1."

{¶ 3} On June 8, 2004, appellee Industrial Commission of Ohio, through a staff hearing officer, issued an order that terminated temporary total disability as of January 20, 2004, based on reports from Dr. Elizabeth Mease. Significantly, the only allowed condition listed on that order was "lumbar disc."

{¶ 4} Five months later, Paskalik's workers' compensation claim was additionally allowed for "L4–5 disc protrusion" and "right L4–5 foraminal stenosis." This determination was followed by a series of C–84 physician's reports from Dr. Juan M. Hernandez that attributed temporary total disability to these two conditions and "degenerative disc disease L4–S1." These C–84s prompted Paskalik's motion for renewed temporary total disability in December 2004.

{¶ 5} A district hearing officer granted Paskalik's motion. A staff hearing officer, on September 9, 2005, vacated the district hearing officer's order but nevertheless granted temporary total disability compensation from February 17, 2004, stating:

{¶ 6} "Staff Hearing Officer grants injured worker's request to award temporary total disability compensation * * *. Staff Hearing Officer finds that the disability is caused by the allowed conditions in this claim. Staff Hearing Officer further finds that injured worker has new and changed circumstances to justify the payment of temporary total disability compensation. This portion of the order is based on the C–84s of Dr. Hernandez * * *."

{¶ 7} At the conclusion of administrative proceedings, Airborne turned to the Court of Appeals for Franklin County. The court of appeals found that the commission's order was supported by evidence, prompting Airborne's appeal to this court as of right.

{¶ 8} Airborne initially challenges the sufficiency of the evidence, focusing primarily on the question of maximum medical improvement ("MMI"). The commission's award was based on Dr. Hernandez's C–84s, which attributed Paskalik's temporary total disability to three conditions: "L4–5 disc protrusion," "right foraminal stenosis L4–5," and "degenerative disc disease L4–S1."

{¶ 9} Airborne claims that the commission has determined that the third condition has reached MMI, and thus that Hernandez's C–84s are invalidated. Its argument derives from its belief that Dr. Mease's reports found both "lumbar disc" and "degenerative disc disease L4–5" to have reached MMI. Because the commission, in turn, relied on these reports in making its MMI declaration, Airborne maintains that the commission's declaration covered both conditions.

{¶ 10} This argument fails. Contrary to Airborne's representation, the only condition that the commission declared to have reached MMI was "lumbar disc." The sole condition listed on the MMI order is "lumbar disc." Because the commission speaks exclusively through its orders, *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.* (1994), 71 Ohio St.3d 139, 142, 642 N.E.2d 378, we cannot assume that degenerative disc disease was also included in that declaration, even though it was an allowed condition at the time. Hernandez's reference to degenerative disc disease is not, therefore, fatal to temporary total disability eligibility because it is not yet a permanent condition.

{¶ 11} Airborne's remaining challenges to the evidence are uniformly unpersuasive. The company suggests that Hernandez backdated the disability certification over a period that he did not treat Paskalik. Hernandez's treatment notes rebut this claim.

{¶ 12} In a similar vein, Airborne accuses Paskalik of unreasonable delay by submitting a November C–84 that retroactively certified his disability to February. This assertion, too, lacks merit. Until "L4–5 disc protrusion" and "right foraminal stenosis L4–5" were allowed in the claim, it was pointless to seek disability compensation based on those conditions. That allowance did not occur until November 3, 2004, and just three weeks later, Hernandez had certified Paskalik as disabled by those newly recognized conditions, and Paskalik moved for compensation.

{¶ 13} Airborne last alleges that the C–84s are inconsistent with Hernandez's office notes and thus are fatally flawed. This assertion is untrue. Nothing in the office notes contradicts Hernandez's certification of a temporary disability, nor is there any indication that nonallowed or MMI conditions are contributing to Paskalik's inability to return to his former position of employment. Accordingly, we conclude that Hernandez's C–84s are evidence supporting the commission's order.

{¶ 14} Airborne also criticizes the wording of the staff hearing officer's order. The company contends that even if Dr. Hernandez did not include an MMI condition in his disability assessment, the staff hearing officer did when she attributed Paskalik's disability to the claim's "allowed conditions." Airborne maintains that because "allowed conditions" include the clearly MMI "lumbar disc," the commission, by necessity, has attributed Paskalik's disability in part to a permanent condition.

{¶ 15} We disagree. The medical evidence on which the commission relied did not attribute temporary total disability to "lumbar disc." Dr. Hernandez attributed Paskalik's disability to "L4–5 disc protrusion," "right foraminal stenosis L4–5," and "degenerative disc disease L4–S1," all of which *are* allowed conditions. Thus, in relying on these conditions attributed by Hernandez, the commission accurately identified them as "allowed conditions." Given the evidence in this case, it is inappropriate to assume that in referring to the source of disability as the "allowed conditions," the staff hearing officer was referring to *all* allowed conditions, including "lumbar disc."

{¶ 16} Finally, Airborne states that the commission's order did not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 205, 567 N.E.2d 245, which requires the commission to briefly explain the basis for its decision. Airborne argues that when the commission found new and changed circumstances sufficient to reinstate temporary total disability without identifying those circumstances, the commission failed to meet *Noll.* This point is moot. New and changed circumstances are relevant in this context only if temporary total disability is being sought for a condition that has been previously declared MMI. See *State ex rel. Bing v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 427, 575 N.E.2d 177. Because that is not the case here, lack of identification is immaterial.

{¶ 17} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

————————————

Schottenstein, Zox & Dunn Co., L.P.A., Robert M. Robenalt, Meghan M. Majernik, and Robert J. Cochran, for appellant.

Shapiro, Marnecheck & Reimer and Matthew A. Palnik, for appellee David Paskalik.

Marc Dann, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission.