[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Penske Truck Leasing Co., L.P. v. Indus. Comm.,* Slip Opinion No. 2018-Ohio-2153.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2153

THE STATE EX REL. PENSKE TRUCK LEASING COMPANY, L.P., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT;

FIZER ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Penske Truck Leasing Co., L.P. v. Indus. Comm.,* Slip Opinion No. 2018-Ohio-2153.]

*Workers' compensation—Industrial commission failed to explain the basis for its specific allocations of cost for permanent-total-disability award among the worker's three claims—Court of appeals' judgment granting writ of mandamus affirmed.*

(No. 2017-0636—Submitted April 24, 2018—Decided June 6, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-223, 2017-Ohio-1119.

_____

**Per Curiam**.

{¶ 1} Appellant, Industrial Commission, appeals the judgment of the Tenth District Court of Appeals granting a writ of mandamus ordering the commission to (1) vacate its order allocating the cost of a permanent-total-disability award between two different employers and (2) issue an amended order. For the reasons that follow, we affirm.

{¶ 2} Appellee Deborah J. Fizer filed an application for permanent-total-disability compensation based on three workers' compensation claims for work-related injuries she sustained while working as a truck driver for two different employers. In 2001, Fizer was injured while she was working for appellee Penske Truck Leasing Company, L.P. Her workers' compensation claim was allowed for cervical strain. She filed a claim in 2004 for a second injury she sustained while working for Penske, and that claim was allowed for "lumbosacral sprain/strain, left rotator cuff sprain/strain, [and] adhesive capsulitis left shoulder." In 2007, Fizer was injured while working for appellee TQ Logistics, and she filed a claim that was allowed for "sprain of neck, sprain left shoulder, disc bulge with compression at the C5 through C7 disc levels, [and] recurrent depressive psychosis—severe."

{¶ 3} A staff hearing officer granted the application based on the report of a commission specialist, Jess Bond, M.D., who evaluated Fizer's allowed medical conditions in all three claims. Based upon Dr. Bond's report and a report from Marian Chatterjee, Ph.D., the hearing officer apportioned the cost of the award among the three claims as follows: 9 percent to the 2001 claim, 13 percent to the 2004 claim, and 78 percent to the 2007 claim.

{¶ 4} The commission denied Penske's request for reconsideration.

{¶ 5} Penske filed this mandamus action in the Tenth District Court of Appeals challenging the commission's allocation of the cost of the award among the three claims. A magistrate in the court of appeals made the following findings: (1) the staff hearing officer abused his discretion by relying on Dr. Chatterjee's

report in allocating the cost of the award when he did not rely on her report in awarding permanent-total-disability compensation, (2) there was no evidence to support allocating any of the cost of the award to the 2001 claim, and (3) there was some evidence to support allocating a portion of the cost of the award to the 2004 claim, but no evidence to support the specific percentage the hearing officer allocated. The magistrate concluded that the court should grant a writ of mandamus ordering the commission to vacate the allocation portion of its order and to enter an amended order allocating the cost of the award in a manner consistent with the magistrate's decision.

{¶ 6} Both the commission and Penske objected to the magistrate's conclusion regarding the report of Dr. Chatterjee. The commission also objected to the magistrate's determinations regarding the hearing officer's allocation of some of the cost of the award to the 2001 and 2004 claims.

{¶ 7} The court of appeals sustained the objection regarding the report of Dr. Chatterjee, because no party had objected at the commission level to the inclusion of the report as evidence.

{¶ 8} The court of appeals overruled the commission's remaining two objections. The court agreed with the magistrate that there was no evidence supporting allocating any of the costs of the award to the 2001 claim. The court of appeals also agreed that there was some evidence to support allocating a portion of the cost of the award to the 2004 claim but that the order did not explain the reason for the 13 percent the hearing officer allocated to the 2004 claim. The court issued a writ of mandamus ordering the commission to vacate the portion of the hearing officer's order allocating the cost of the award and to enter an amended order with respect to allocation.

{¶ 9} This matter is before the court on the commission's appeal as of right.

{¶ 10} The commission argues that the court of appeals applied an improper standard of review and evidentiary requirement by requiring the commission to

3

provide further explanation of the allocations beyond the "some evidence" standard. The commission maintains that it is not required to provide a mathematical explanation for the allocations.

{¶ 11} In support of upholding the court of appeals' judgment, Penske argues that the hearing officer gave no explanation for how he arrived at the allocation percentages and that it is entitled to mandamus relief when the evidence cited fails to support the commission's allocation of responsibility for a permanent-total-disability award when there are multiple claims and employers.

{¶ 12} Ohio Adm.Code 4121-3-34(D)(3)(h) provides that a hearing officer must prepare orders deciding permanent total disability "on a case by case basis" and that the orders must be "fact specific," must "contain the reasons explaining the decision," "must specifically state what evidence has been relied upon in reaching the conclusion," and must "explain the basis for the decision." This provision does not apply only to orders awarding or denying compensation. "*All* matters affecting the rights and obligations of a claimant or employer merit an explanation sufficient to inform the parties and potentially a reviewing court of the basis for the commission's decision." (Emphasis sic.) *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.*, 71 Ohio St.3d 139, 142, 642 N.E.2d 378 (1994).

{¶ 13} The commission is not required to explain its allocations with mathematical precision, but the allocations must be consistent with the evidence that the commission expressly relies upon. *State ex rel. Cafaro Mgt. Co. v. Indus. Comm.*, 10th Dist. Franklin No. 12AP-638, 2013-Ohio-5104, ¶ 13-15. For example, in *Yellow Freight*, this court issued a writ of mandamus ordering the commission to reexamine its 100 percent allocation of the cost of a permanent-total-disability award because it had relied on a medical report in which the physician used the plural "claims."

{¶ 14} In *State ex rel. Hay v. Indus. Comm.*, 52 Ohio St.3d 99, 555 N.E.2d 965 (1990), the commission allocated 35 percent of the cost of the claimant's

permanent-total-disability award to a 1971 workers' compensation claim and 65 percent to a 1975 claim based on two medical reports in the record. This court concluded that the evidence did not support the allocation, because both reports attributed the claimant's permanent total disability to only the 1975 injury. The court affirmed the court of appeals' judgment granting a writ of mandamus directing the commission to amend its order and allocate the entire cost of the award to the 1975 claim.

{¶ 15} In *State ex rel. Erieview Metal Treating Co. v. Indus. Comm.*, 109 Ohio St.3d 147, 2006-Ohio-2036, 846 N.E.2d 515, the commission's order allocated the entire cost of a permanent-total-disability award to the earlier of the injured worker's two claims. This court concluded that the fact that the benefits had all been paid from the earlier claim was sufficient evidence to support the commission's allocation of all the costs to that claim.

{¶ 16} The commission speaks only through its orders. *Yellow Freight*, 71 Ohio St.3d at 142, 642 N.E.2d 378. Thus, a court reviews for sufficiency the evidence identified in the order as the basis for the commission's decision; the court need not search the record for evidence that is not specified in the order as a basis for the commission's decision. *Id.*

{¶ 17} Here, the commission was required to explain the basis for the specific allocations of the award among the three claims. It did not do so. Dr. Bond reviewed Fizer's claims according to the injured body part and did not set forth impairments for each allowed condition. Because in some instances, Fizer's allowed conditions in one claim affected the same body part that was affected in an allowed condition in another claim, Dr. Bond's report fails to attribute impairment to each claim. The commission indicated that it relied on Dr. Bond's report to allocate the cost of the award among the three claims, but it failed to explain how it did so. This constituted an abuse of discretion.

{¶ 18} We affirm the judgment of the court of appeals.

SUPREME COURT OF OHIO

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Scheuer, Mackin & Breslin, L.L.C., J. Kent Breslin, and Eric A. Rich, for appellee Penske Truck Leasing Co.

Boyd, Rummell, Carach, Curry, Kaufmann & Bins-Castronovo Co., L.P.A., and Randall Rummell, for appellee Deborah J. Fizer.

Michael DeWine, Attorney General, and Natalie J. Tackett, Assistant Attorney General, for appellant.

————————————