[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 674.]

THE STATE EX REL. OCHS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO;
BUREAU OF WORKERS' COMPENSATION, APPELLANT.

[Cite as *State ex rel. Ochs v. Indus. Comm*., 1999-Ohio-294.]

*Workers' compensation—Disapproval of settlement agreement by Bureau of Workers' Compensation—Bureau required to explain its decision—Bureau's disapproval upheld, when.*

(No. 97-113—Submitted April 13, 1999—Decided June 23, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD10-1359.

_____

{¶ 1} In 1993, appellee-claimant, Rodney Ochs, sustained a very minor injury to his right index finger while employed as a machinist for Briardale Corporation. His workers' compensation claim was allowed.

{¶ 2} In 1994, claimant applied to appellant, Bureau of Workers' Compensation, for approval of a settlement agreement in his claim. The application was signed by both claimant and a representative of his employer, and requested that the bureau approve the payment of $1,750 from the State Insurance Fund on behalf of the employer in full and final settlement of the claimant's workers' compensation claim. In 1995, the bureau issued its "disapproval of settlement agreement" on a form designed for that purpose. The reason given for the denial was "[t]here is no settlement value."

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the bureau abused its discretion in disapproving the settlement. The court of appeals found that the bureau abused its discretion in failing to adequately explain the reasoning for its denial and vacated the order, returning it to the bureau for further consideration and amended order.

{¶ 4} This cause is now before this court upon an appeal as of right.

_____

*Shapiro, Kendis & Assoc. Co., L.P.A.*, and *Rachel B. Jaffy*, for appellee.

*Betty D. Montgomery*, Attorney General, and *James S. Barnes*, Assistant Attorney General, for appellant.

_____

***Per Curiam.***

**{¶ 5}** The bureau claims that it has no duty to explain its decision because no statute specifically imposes one. It seeks to distinguish cases such *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721; *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245; and *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.* (1994), 71 Ohio St.3d 139, 642 N.E.2d 378, by observing that those cases involved the Industrial Commission of Ohio, which did, and continues to, have a statutory duty under former R.C. 4123.515 to explain its decisions.

**{¶ 6}** While the bureau's statutory observations are true, we do not agree that they do—or should—excuse it from having to explain its decisions. The purpose of an explanation requirement is "to inform the parties and potentially a reviewing court of the basis for the commission's decision." *Yellow Freight* at 142, 642 N.E.2d at 380. As to the latter, we in *Mitchell* wrote:

"[A] decision * * * which specifically sets forth the basis for the decision will enable this court, as well as the Court of Appeals for Franklin County, to readily discern the specific grounds relied upon and whether the record supports such a finding when a party to the proceeding initiates an action for a writ of mandamus. Our task will be eased by a succinct statement setting forth * * * why the claimant was granted or denied benefits." *Mitchell* at 484, 6 OBR at 534, 453 N.E.2d at 725.

**{¶ 7}** From the perspective of the litigants, *Mitchell* also notes that "equally as important, those parties precluded from perfecting an appeal in accordance with

[former] R.C. 4123.519 will be better advised [by succinct explanation] as to why a particular decision was reached." *Id.* On a more personal level, Justice Douglas noted in his *Noll* concurrence:

"It is well to remember that we are dealing with the very existence of real live human beings who have suffered an industrial injury. They are not just another number to be dealt with in some perfunctory way. Surely it is not unreasonable, overburdensome or onerous to require the commission to set forth an explanation * * * ." *Noll* at 210, 567 N.E.2d at 252.

{¶ 8} We do not believe that any of these considerations change merely because the bureau as opposed to the commission authored the order. Therefore, we find that the duty to explain its decisions also applies to the bureau.

{¶ 9} Having so found, we must next determine whether the order's explanation was adequate. The bureau denied the proposed settlement on a form specifically designed for that purpose. It lists three potential reasons for disapproval, with boxes next to each one. Those reasons are (1) "the requested settlement amount represents an excessive value for the above-referenced claim(s)"; (2) "the employer was not willing to sign the settlement agreement"; and (3) "Other—There is no settlement value."

{¶ 10} We find the selected option—no settlement value—to be self-explanatory. By so indicating, the bureau has articulated its belief that compensation paid previously is sufficient and that claimant is simply entitled to no more. Given the minor nature of claimant's injury, the ruling makes sense and, in and of itself, is deemed satisfactory.

{¶ 11} We affirm that portion of the court of appeals' judgment that imposes a duty to explain on the bureau. We reverse that portion which vacates the order and returns it to the bureau, and deny the writ.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., concurs in part and dissents in part and would grant the writ.

COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**COOK, J., dissenting.**

{¶ 12} Because the majority imposes upon the bureau a requirement unjustified by any statute or rule, I respectfully dissent.

{¶ 13} Former R.C. 4123.515 supplies the basis for the Industrial Commission's duty to explain its decisions, as set forth in *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and its progeny. That statute expressly provided, in the context of a disputed claim for workers' compensation, that a district hearing officer "*shall* present his decision *and the reasons therefor* in conformity with the requirements of division (B) of section 4121.36 of the Revised Code." (Emphasis added.) (136 Ohio Laws, Part I, 1152.) See, also, former R.C. 4123.518 (imposing similar duties upon regional boards of review and the commission). (136 Ohio Laws, Part I, 1155.) That statutory mandate has since been *repealed*.

{¶ 14} R.C. 4123.65 governs agreed settlements of workers' compensation claims; it does not involve disputed claims. The statute grants the "administrator of workers' compensation" and staff hearing officers appointed by the Industrial Commission the authority to approve or reject applications for final settlement between employers and their employees. Unlike former R.C. 4123.515 and 4123.518, R.C. 4123.65 does not impose upon the bureau, its administrator, or the assigned staff hearing officer, a duty to explain the rejection of a settlement. See R.C. 4123.65(C) and (D).

{¶ 15} While appellate panels may generally prefer decisions to be supported by explanations, in the absence of a requirement imposed by statutory

scheme or rule, there seems to be no authority for an appellate court to insist that the bureau or the commission explain each decision.

**{¶ 16}** An analogy to appellate review of judicial decisions seems pertinent. Rules and statutes mandate explanation in only certain types of cases. But in other sorts of cases, appellate courts readily tolerate the unexplained decisions of trial courts — though the same benefits of explanation hold for judicial decisions no less than administrative decisions. See, *e.g.*, Civ.R. 52; *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 691 N.E.2d 275. Cf. R.C. 2953.21(C) and (G); *State ex rel. Konoff v. Moon* (1997), 79 Ohio St.3d 211, 680 N.E.2d 989.

**{¶ 17}** I too prefer to have the bureau explain the reasons for its decisions. I believe, however, that this court may not "enact" a requirement to explain a settlement rejection; that is the function of legislation and lawful agency rulemaking.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____