[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 327.]

THE STATE EX REL. PIPOLY, APPELLANT, *v.* STATE TEACHERS RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 2002-Ohio-2219.]

*Schools—Mandamus sought to compel State Teachers Retirement System of Ohio to award relator disability retirement benefits based on claim of multiple chemical sensitivity syndrome—Court of appeals' denial of writ affirmed when relator fails to establish a clear legal right to disability retirement benefits or a corresponding clear legal duty on the part of STRS to provide them.*

(No. 2001-1797—Submitted March 12, 2002—Decided May 22, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-1081.

_____

**Per Curiam.**

{¶1}  Appellant, Pamela J. Pipoly, worked as a swim instructor for the Mahoning County Board of Mental Retardation and Developmental Disabilities at the Leonard Kirtz School in Austintown, Ohio.  After being exposed to certain chemicals in the enclosed pool area at which she worked, she took an employer-approved unpaid disability leave of absence from September 13, 1994, to September 1, 1997.  Pipoly worked half days on September 2 and 3, 1997, and stopped after she again experienced difficulty with her work environment.  Her employer advised her to apply for disability retirement benefits.  Pipoly had previously been allowed workers' compensation benefits for hypersensitivity reaction to chlorine and possible trichloramine, disorders related to chemical bronchitis, tachycardia, allergic rhinitis, maxillary sinusitis, chemical sensitivity, and major depression.

**{¶2}** In October 1997, Pipoly applied for disability retirement benefits with appellee, State Teachers Retirement System of Ohio ("STRS"). Pipoly claimed that she was incapacitated for the performance of her duties as a teacher because of multiple chemical sensitivity syndrome, which she acquired while working as a swim instructor. Pipoly also submitted the reports of Stoyan Daskalov, M.D., one of her attending physicians, and Frank J. Agresta, Ph.D., a psychologist who had examined her in 1995 in conjunction with her workers' compensation claim. Dr. Daskalov diagnosed Pipoly as suffering from allergic rhinitis and chemical sensitivity, but at one point in his report opined that she was not permanently incapacitated for the performance of duty as a teacher, because she could teach in an appropriate environment. Agresta concluded that Pipoly suffered from depression and that this condition was permanently incapacitating.

**{¶3}** Psychiatrist Ralph G. Walton, M.D., conducted an examination of Pipoly on behalf of STRS in February 1998, and he determined that he could not find any psychiatric reasons for disability.

**{¶4}** In March 1998, a STRS medical review board, which consisted of three physicians, reviewed the application and evidence and determined that Pipoly was not disabled for purposes of disability retirement benefits. After Pipoly submitted further information, including records relating to her workers' compensation claim, the medical review board requested additional medical evaluations of her.

**{¶5}** Richard A. Katzman, M.D., a specialist in pulmonary diseases, examined Pipoly and determined that although her symptoms were consistent with those of persons who claimed to have multiple chemical sensitivity syndrome, he could not find objective evidence of any disease. Dr. Katzman concluded that Pipoly was not incapacitated for the performance of duty as a teacher. Jeffrey C. Hutzler, M.D., a psychiatrist, examined Pipoly and diagnosed panic disorder but found no signs of psychosis or other major psychiatric disorder. Dr. Hutzler

concluded that Pipoly is "not incapacitated in her ability to teach from a psychiatric standpoint."

{¶6} Pipoly again submitted additional reports, including several by one of her treating physicians, Donald S. Nelson, M.D. Dr. Nelson diagnosed Pipoly as having multiple chemical sensitivity syndrome and stated that she was completely disabled by this condition.

{¶7} In February 1999, upon request by STRS, Pipoly was examined by Roger A. Friedman, M.D. Dr. Friedman noted that the diagnosis of multiple chemical sensitivity syndrome was questionable because of doubts regarding its existence, and he determined that Pipoly suffered from routine allergies. Dr. Friedman concluded that there was no evidence of any permanent disability.

{¶8} In May 1999, the medical review board recommended that Pipoly's application for disability retirement benefits be denied.

{¶9} Pipoly then submitted additional records from Dr. Nelson, and STRS ordered further evaluation. Richard L. Green, M.D., examined her in August 1999 and stated that there is a "tremendous controversy in the medical community about labeling this disorder [i.e., multiple chemical sensitivity syndrome] a disease," but that he believed that multiple chemical sensitivity syndrome is "primarily a psychiatric disorder and is not founded on any medical pathophysiologic abnormalities." Dr. Green stated that there were "no objective physical findings and no objective reproducible and scientifically reliable laboratory studies to confirm any disease and the ongoing disease process."

{¶10} Dr. Friedman received the additional evidence submitted by Pipoly and again concluded that she was not permanently incapacitated for the performance of her duty as a teacher.

{¶11} On September 2, 1999, the disability committee of STRS voted to sustain the recommendation of the medical review board to deny Pipoly's application for disability retirement benefits. In March 2000, Pipoly submitted two

additional evaluations to STRS, including an evaluation by Scott E. Singer, M.D., M.P.H., in which he stated that he was unable to verify with objective evidence any of Pipoly's concerns regarding her claim of multiple chemical sensitivity syndrome. On April 14, 2000, following an adjudicatory hearing, the retirement board of STRS unanimously denied Pipoly's application for disability retirement benefits. The board did not specify its reasons for denying benefits.

{¶12} In September 2000, Pipoly filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel STRS to award her disability retirement benefits. Following the submission of evidence and briefs, a court of appeals magistrate issued a detailed decision recommending denial of the writ. In August 2001, the court of appeals approved and adopted the magistrate's decision and denied the requested writ of mandamus. This cause is now before the court upon Pipoly's appeal as of right.

{¶13} The General Assembly established STRS to pay retirement allowances and other benefits of Ohio public school teachers. R.C. 3307.03; see, generally, Buchter, Hastings, Sheeran & Stype, Ohio School Law (2001) 264, Section T 11.1. The State Teachers Retirement Board ("STRB") manages the STRS funds. R.C. 3307.03. The determination of whether a STRS member is entitled to disability retirement is solely within the province of the STRB. See R.C. 3307.62(F); cf. *Fair v. School Emp. Retirement Sys.* (1978), 53 Ohio St.2d 118, 7 O.O.3d 192, 372 N.E.2d 814, syllabus, holding similarly regarding the disability retirement determination by the School Employees Retirement Board for members of the School Employees Retirement System.

{¶14} Pipoly asserts that she is entitled to a writ of mandamus to compel STRS to award her disability retirement benefits. The determination by STRS and its retirement board, STRB, of whether a person is entitled to disability retirement benefits is reviewable by mandamus because R.C. 3307.62 does not provide any appeal from the administrative determination. See, e.g., *State ex rel. Ryan v. State*

*Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362, 364, 643 N.E.2d 1122; *State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701; *State ex rel. Ruby v. State Teachers Retirement Sys. of Ohio* (Dec. 6, 1989), Summit App. No. 13844, 1989 WL 147983 ("Since R.C. 3307.42 [now R.C. 3307.62] does not provide an adequate remedy at law, a cause of action in mandamus is available" to challenge the decision of the STRS retirement board to terminate disability retirement benefits); cf. R.C. 119.12 and 2506.01, which are inapplicable here. Consequently, mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body. See *State ex rel. Alben v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 133, 135, 666 N.E.2d 1119. The term "abuse of discretion" means an unreasonable, arbitrary, or unconscionable decision. *State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 529, 533, 751 N.E.2d 1032.

Duty to Explain Decision on Disability Retirement Benefits

{¶15} Pipoly initially asserts that she is entitled to the requested writ of mandamus because STRS did not identify or explain its reasons for denying her application for disability retirement benefits pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. In *Noll*, we held, "*In any order of the Industrial Commission* granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." (Emphasis added.) Id. at syllabus.

{¶16} Upon consideration, we decline Pipoly's request to extend *Noll* to orders of the STRS and STRB granting or denying disability retirement benefits. By the plain language of its syllabus, *Noll* is limited to Industrial Commission orders involving workers' compensation claims. " 'The syllabus of a Supreme Court opinion states the controlling point or points of law *decided in and necessarily arising from the facts of the specific case before the Court for adjudication*.' " (Emphasis sic.) *Agee v. Russell* (2001), 92 Ohio St.3d 540, 546,

751 N.E.2d 1043, quoting former S.Ct.R.Rep.Op. 1(B). *Noll* did not specify its application to *all* administrative proceedings and it did not involve any matters other than workers' compensation.

**{¶17}** Moreover, *Noll* relied heavily on *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 484, 6 OBR 531, 453 N.E.2d 721, where we granted a writ of mandamus directing the commission to specify the basis for its decision, "*first and foremost, because the duty to so specify the basis for its decisions is imposed* upon the [Industrial] [C]ommission *by statute.*" (Emphasis added.)

**{¶18}** It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government*, and courts are not authorized to create the legal duty enforceable in mandamus. *State ex rel. Woods v. Oak Hill Community Med. Ctr., Inc.* (2001), 91 Ohio St.3d 459, 461, 746 N.E.2d 1108; *Davis v. State ex rel. Pecsok* (1936), 130 Ohio St. 411, 5 O.O. 20, 200 N.E. 181, paragraph one of the syllabus; *State ex rel. Stanley v. Cook* (1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E.2d 207, paragraph eight of the syllabus. Accepting Pipoly's request to extend *Noll* and *Mitchell* to require that STRS and STRB state what evidence they relied upon and specify their reasoning in denying her application for disability retirement benefits would contravene the foregoing precedent because neither R.C. 3307.62 nor any administrative rule adopted thereunder imposes any duty on STRS or STRB to do so. *Woods, Davis*, and *Stanley*; see, also, *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 517, 664 N.E.2d 527 ("R.C. 149.43 does not impose any duty on public officials to provide written reasons for withholding requested records"); but, cf., *State ex rel. Ochs v. Indus. Comm.* (1999), 85 Ohio St.3d 674, 710 N.E.2d 1126, where we extended *Noll* in a mandamus proceeding to apply to a decision of the Bureau of Workers' Compensation disapproving a settlement agreement despite the absence of any statutory duty imposing these requirements on the bureau.

**{¶19}** The Court of Appeals for Franklin County similarly rejected a request to extend *Noll* to disability determinations of the School Employees Retirement System by ordering it to explain its decisions:

**{¶20}** "Thus, while this court has recently extended the requirements of *Noll* in the context of disability determinations under the Public Employees Retirement System ('PERS') * * * we did so in part because the regulations at issue there specified that the PERS board shall state the *basis* for its denial. Here, nothing in the statute or regulations suggests that the SERS retirement board or the members of its medical advisory board must issue a decision [consistent with *Noll*]." (Emphasis sic.) *State ex rel. Copeland v. School Emp. Retirement Sys.* (Aug. 5, 1999), Franklin App. No. 98AP-1173, 1999 WL 569279, appeal dismissed based on mootness (2000), 88 Ohio St.3d 1507, 728 N.E.2d 1.

**{¶21}** Furthermore, in *Noll*, 57 Ohio St.3d at 206, 567 N.E.2d 245, the lead opinion emphasized that our "docket has been inundated with * * * cases" in which the commission failed to comply with *Mitchell* and its progeny. There has been no comparable flood of cases involving disability determinations by STRS and STRB. And the administrative record in this case, as submitted in the mandamus proceeding, is not so voluminous that a review of the record is overly burdensome. In fact, our review in a mandamus proceeding challenging an administrative determination on an application for disability retirement benefits is not any more burdensome than reviewing a summary judgment entered by a trial court without a detailed opinion. See Civ.R. 52.

**{¶22}** Therefore, while extending *Noll* to STRS and STRB determinations may be tempting based on policy considerations, see *Ochs*, 85 Ohio St.3d at 675-676, 710 N.E.2d 1126, we will not impose the *Noll* requirements in the absence of a statutory duty or a comparable need for these requirements in cases other than workers' compensation cases. See, e.g., *State ex rel. Schwaben v. School Emp. Retirement Sys.* (1996), 76 Ohio St.3d 280, 285, 667 N.E.2d 398 ("However, while

it may be tempting to decide this case on subjective principles of equity and fundamental fairness, this court has a greater obligation to follow the law"). Accordingly, STRS had no clear legal duty cognizable in mandamus to specify what evidence it relied upon and explain the reasoning for its retirement board's decision denying Pipoly's application for disability retirement benefits.

Denial of Disability Retirement Benefits

{¶23} Pipoly next asserts that STRS abused its discretion in denying disability retirement benefits. Pipoly contends that overwhelming evidence from her treating physician, Dr. Nelson, as well as other examiners, demonstrated that her multiple chemical sensitivity syndrome precludes her from returning to her job as a swim instructor. In order to be entitled to disability retirement benefits, an STRS member must be mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application. R.C. 3307.62(C).

{¶24} As noted previously, pursuant to R.C. 3307.62, the determination whether a member of STRS is entitled to disability retirement benefits is vested solely in STRS. See *Schwaben*, 76 Ohio St.3d at 284, 667 N.E.2d 398, and *Fair*, supra, at syllabus, construing analogous statutes. STRS and its retirement board were not required to accept the views of those physicians, including Dr. Nelson, concerning multiple chemical sensitivity syndrome, as stated by the same court of appeals recently in a separate case involving STRB:

{¶25} "Given the apparent controversy in the medical community (as reflected in the record) concerning appellant's medical condition, it was well within the discretion of STRB to appoint additional examining physicians whose views on multiple chemical sensitivity might differ from the views of appellant's treating physicians. Much of the concern on the part of STRB as reflected in the record relates to appellant's desire not to be examined by an appointed examiner, but, rather, for STRB to make its determination on the basis of opinions rendered by her

8

treating physicians." *State ex rel. Peaspanen v. Ohio State Teachers Retirement Bd.* (2001), 143 Ohio App.3d 164, 170, 757 N.E.2d 826.

{¶26} STRS did not abuse its discretion here in refusing to credit the opinions of Dr. Nelson and other examining physicians who determined that Pipoly suffered from multiple chemical sensitivity syndrome and that it was disabling for purposes of STRS disability retirement benefits. Dr. Katzman, Dr. Friedman, and Dr. Singer examined Pipoly and concluded that there was no objective evidence of a disabling *physical* disorder referred to as multiple chemical sensitivity syndrome. Dr. Hutzler and Dr. Walton examined Pipoly and found no evidence of any disabling *mental* disorder. R.C. 3307.62 did not require STRS or its retirement board to consider only the findings of Pipoly's treating physicians. Cf., e.g., *Schwaben*, 76 Ohio St.3d at 282, 667 N.E.2d 398, and *McMaster*, construing an analogous disability retirement provision. Dr. Katzman, Dr. Hutzler, Dr. Friedman, Dr. Walton, and the three physicians on the STRS medical review board all agreed that based on the objective medical evidence, including medical examinations of Pipoly, she was not permanently incapacitated for the performance of duty as a teacher.

{¶27} The decision of the STRS retirement board to deny Pipoly's application for disability retirement benefits was neither unreasonable, arbitrary, nor unconscionable; instead, it was based on substantial and significant medical evidence. See, also, *Theresa Canavan's Case* (2000), 432 Mass. 304, 314-315, 733 N.E.2d 1042 (trial court erroneously permitted evidence about multiple chemical sensitivities where there was insufficient evidence that diagnosis was based on reliable methodology); *Rakowski v. McCall* (1998), 246 A.D.2d 734, 667 N.Y.S. 512 (administrator of public employees' retirement system had exclusive authority to evaluate and resolve conflicts in medical testimony concerning certain medical experts' diagnosis of multiple chemical sensitivity allegedly triggered by unknown substances in disability retirement claimant's workplace). Pipoly is also not

entitled to relief under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, because this is not a workers' compensation case involving permanent total disability and STRB did not abuse its discretion in denying disability benefits.

**{¶28}** Based on the foregoing, Pipoly has not established a clear legal right to disability retirement benefits or a corresponding clear legal duty on the part of STRS to provide them. Accordingly, we affirm the well-reasoned judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., concur in judgment only.

_____

Brown & Margolius, L.P.A., James Mitchell Brown and Rachel C. Wilson, for appellant.

Betty D. Montgomery, Attorney General, and Christopher S. Cook, Assistant Attorney General, for appellee.

_____