[Cite as *State ex rel. Baker v. Indus. Comm.*, 2013-Ohio-5697.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. | : | |
| Karen Baker (Claimant) and | | |
| Schiavoni, Schiavoni, Bush & | : | |
| Muldowney Co., L.P.A. | | |
| (Claimant's attorney), | : | |
| | | |
| Relators, | : | No. 12AP-114 |
| | | |
| v. | : | (REGULAR CALENDAR) |
| | | |
| Industrial Commission of Ohio, | : | |
| Administrator, Ohio Bureau of | | |
| Workers' Compensation, and | : | |
| Best Cuts, Inc., | | |
| | : | |
| Respondents. | | |
| | : | |

D E C I S I O N

Rendered on December 24, 2013

*Schiavoni, Schiavoni, Bush & Muldowney*, and *Shawn R. Muldowney, Co. L.P.A.*, for relators.

*Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*Michael DeWine*, Attorney General, and *John R. Smart,* for respondent Ohio Bureau of Workers' Compensation.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, P.J.

{¶ 1} Relators, Karen Baker ("Baker"), and Schiavoni, Schiavoni, Bush & Muldowney Co., L.P.A. ("law firm"), commenced this original action in mandamus

seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order holding that the commission lacks jurisdiction to adjudicate the law firm's motion for payment of attorneys fees for services rendered in connection with Baker's application for an increase in her percentage of permanent partial disability ("PPD") compensation, and to enter an order requiring the administrator of the Ohio Bureau of Workers' Compensation ("bureau") to pay the attorneys fees.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that: (1) the law firm has no clear legal right to have its fees paid out of Baker's PPD award because Baker has previously received overpayments due to fraud, and those overpayments have not yet been recouped; and (2) the bureau has no legal duty to pay the attorneys fees out of Baker's PPD award under these circumstances. Therefore, the magistrate has recommended that we deny relator's request for a writ of mandamus.

{¶ 3} Relators have jointly filed objections to the magistrate's decision. In their first objection, relators argue that Ohio Adm.Code 4123-3-10 and Joint Resolution R83-6-105 clearly obligate the bureau to pay attorneys fees incurred in obtaining PPD awards. We disagree.

{¶ 4} Although Ohio Adm.Code 4123-3-10 does establish the procedural mechanism for the payment of attorneys fees, it does not clearly require the bureau to pay attorneys fees when the bureau may use lawful means to recoup compensation made to a claimant who is not entitled to the compensation due to fraud. R.C. 4123.511(K). Pursuant to R.C. 4123.511(K), the bureau may withhold compensation otherwise due to the claimant to collect past overpayments due to fraud. Therefore, the bureau has no clear duty to pay attorneys fees out of Baker's PPD award.

{¶ 5} In addition, because relators seek to force the bureau to pay the law firm's fees, the fee dispute is between the law firm and the bureau. As noted by the magistrate, the General Assembly has only granted the commission jurisdiction to adjudicate fee disputes between the attorney and the client. R.C. 4123.06. The commission has no jurisdiction to adjudicate a fee dispute between the law firm and the bureau.

{¶ 6} For these reasons, we overrule relators' first objection.

{¶ 7}   In its second objection, relators contend that the magistrate erred when he concluded that R.C. 4123.511(K) is ambiguous with respect to the law firm's claim for fees. In essence, relators argue that a lien for attorneys fees has priority over the claims of a general creditor of the claimant—including the bureau.  According to relators, although R.C. 4123.511(K) authorizes the bureau to recoup overpayments due to fraud by any lawful means, it is unlawful not to give priority to an attorney's lien for fees on a PPD award obtained for a client.  The magistrate found that R.C. 4123.511(K) does not clearly obligate the bureau to pay the law firm's fees out of Baker's PPD award under these circumstances.  We agree.

{¶ 8}   R.C. 4123.511(K) simply does not address whether it is lawful for the bureau to apply the entire PPD award to Baker's unsatisfied obligation or whether it must give priority to the law firm's claim for attorneys fees.   Therefore, relators have not demonstrated that they have a clear legal right to have the bureau pay the law firm's attorney fees out of Baker's PPD award or that the bureau has a clear duty to pay the fees under these circumstances.  Without demonstrating that relators have a clear legal right to the relief prayed for, and that the bureau has a clear legal duty to perform the act requested, mandamus will not lie.  Therefore, we overrule relators' second objection.

{¶ 9}   Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we deny relators' request for a writ of mandamus.

*Objections overruled; writ of mandamus denied.*

T. BRYANT, J., concurs.
TYACK, J., dissents.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

TYACK, J., dissenting:

{¶ 10}  I respectfully disagree and therefore dissent.

{¶ 11} The money at issue here was an attorneys' fee which was earned by counsel for Karen Baker and awarded to them as part of their successful representation of Karen Baker. I fail to see how that fee can be confiscated by the Ohio Bureau of Workers' Compensation in payment of a debt in a separate proceeding.

{¶ 12} I read Ohio Adm.Code 4123-3-10 differently from the majority of this panel. I believe Ohio Adm.Code 4123-3-10 not only tells how attorney fees are to be paid but also vests the fees in the attorneys who earned the fee.

{¶ 13} I also disagree with the assertion made by the majority of the panel that Karen Baker "is not entitled to the compensation due to fraud." Karen Baker was awarded temporary total disability ("TTD") compensation for a total of five years. Apparently she worked during at least part of that five-year period. This led to the declaration of an overpayment.

{¶ 14} In a separate filing, Karen Baker's counsel filed for an increase in her permanent partial disability ("PPD"). There is no overlap between the two kinds of compensation. TTD is payment because she cannot work right now. PPD is payment because her permanent disability has increased. Counsel for Baker was successful in proving that her permanent disability had increased. She was entitled to the payment for PPD and her counsel was entitled to be paid for earning her the increased award for PPD.

{¶ 15} The applicable law allows Baker's PPD award and overpayment to be set off against each other. The law, as I see it, does not allow the BWC to offset her lawyer's fee against the money owed by Baker for the overpayment of TTD. That, to me, is taking one person's money to pay a different person's debts.

{¶ 16} I would grant a writ of mandamus to correct this mistake. Since the majority does not, I respectfully dissent.

---

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

State of Ohio ex rel.                                   :
Karen Baker (Claimant) and
Schiavoni, Schiavoni, Bush &                           :            No. 12AP-114
Muldowney Co., L.P.A.
(Claimant's attorney),                                 :        (REGULAR CALENDAR)

          Relators,                                    :

v.                                                     :

Industrial Commission of Ohio,                         :
Administrator, Ohio Bureau of
Workers' Compensation, and                             :
Best Cuts, Inc.,

                                                       :
          Respondents.

                                                       :

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on August 26, 2013

---

*Schiavoni, Schiavoni, Bush & Muldowney Co., L.P.A.,* and *Shawn R. Muldowney*, for relators.

*Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*Michael DeWine*, Attorney General, and *John R. Smart,* for respondent Ohio Bureau of Workers' Compensation.

---

### IN MANDAMUS

{¶ 17} In this original action, the relators, Karen Baker ("Baker") and Schiavoni, Schiavoni, Bush & Muldowney Co., L.P.A. ("the Schiavoni firm") request a writ of

mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its October 20, 2011 order holding that the commission lacks jurisdiction to adjudicate the Schiavoni firm's April 6, 2011 motion for payment of attorney fees associated with Baker's June 30, 2010 application for an increase in her percentage of permanent partial disability ("PPD") and to enter an order that respondent administrator of the Ohio Bureau of Workers' Compensation ("administrator") shall pay the attorney fees out of the PPD award.

Findings of Fact:

{¶ 18} 1. On May 12, 1995, Baker injured her left foot and knee while employed with respondent Best Cuts, Inc., a state-fund employer. Baker's industrial claim (No. 95-397853) is allowed for:

> Fracture left metatarsal-closed; sprain left knee; effusion left knee; aggravation of pre-existing osteoarthritis left knee; depressive disorder; anxiety state; dysthymic disorder; generalized anxiety disorder.

{¶ 19} 2. On May 14, 2008, the administrator moved the commission for an order declaring that payments of temporary total disability ("TTD") compensation to Baker from January 1, 2002 through November 15, 2007 be declared an overpayment and that the compensation was fraudulently obtained. The administrator alleged that Baker was employed during her receipt of the compensation and that she misrepresented her employment status to the bureau.

{¶ 20} 3. Following a September 2, 2008 hearing, a staff hearing officer ("SHO") issued an order granting the administrator's motion in its entirety. The SHO's order of September 2, 2008 declared an overpayment of TTD compensation from January 1, 2002 through November 15, 2007 and found that the compensation was fraudulently obtained by Baker. The SHO's order provides that the "overpayment is to be recouped pursuant to the fraud provisions set forth in Ohio Revised Code Section 4123.511(K)."

{¶ 21} 4. By letter dated September 18, 2008, Baker was informed by the bureau that the overpayment was calculated to be $63,479.77 and that the amount is "now due." The letter further advised:

> All recovery from any current or future benefits will be made at 100% as ordered under O R C 4123 511(K)

{¶ 22} 5. On June 30, 2010, on bureau form C-92, the Schiavoni firm filed, on Baker's behalf, an application for the determination of an increase in her PPD.

{¶ 23} 6. The bureau's C-92 form is divided into three parts. Under "Part C - Authorization," a signature line for the "injured worker" is provided. Above the signature line for the injured worker appears the following preprinted statement:

> I hereby authorize the BWC/employer to forward any monetary award generated by this application to the attorney indicated above for disbursement to me.

Baker's signature appears under the above quoted preprinted statement.

{¶ 24} Also under "Part C - Authorization" is a signature line for the injured worker's representative. On the C-92 at issue, the signature of "Louis J. Schiavoni" appears.

{¶ 25} 7. On February 8, 2011, the bureau mailed a tentative order awarding a 75 percent increase in the percentage of PPD for a total of 82 percent. The tentative order indicated that the award would be paid over 150 weeks for a total amount of $24,649.50.

{¶ 26} 8. No party objected to the tentative order and so the tentative order became final.

{¶ 27} 9. On March 7, 2011, the Schiavoni firm completed bureau form C-255 captioned "Affidavit for Attorney Fees Under Ohio Revised Code 3121.0311." On the C-255 form, the Schiavoni firm averred that it had a written fee agreement with Baker entitling the Schiavoni firm to one-third of the PPD award. The completed form was filed at the bureau on March 9, 2011.

{¶ 28} 10. Initially, the bureau mailed a check to the Schiavoni firm in the amount of $8,216.50 for the one-third share of the PPD award.

{¶ 29} 11. However, by letter dated March 17, 2011, PNC Bank informed the Schiavoni firm that the bureau had placed a "stop payment" on the check that the Schiavoni firm had deposited on March 14, 2011.

{¶ 30} 12. Earlier, on March 16, 2011, the bureau mailed a notice to Baker informing her that the full amount of the PPD award, i.e. $24,649.50 was being credited to her overpayment. The credit reduced the overpayment balance of $63,460.73 to $38,811.23.

{¶ 31} 13. On April 6, 2011, on bureau form C-86, the Schiavoni firm moved the bureau for payment of attorney fees in the amount of $8,216.50. In support of its motion, the Schiavoni firm submitted a copy of the fee agreement with Baker. The undated agreement contains Baker's signature and provides:

> I understand and agree that the law firm of SCHIAVONI & SCHIAVONI., L.P.A., shall receive as their fees for representing me before the Ohio Bureau of Worker[s'] Compensation and Industrial Commission of Ohio the following:
>
> A. One-Third (1/3) of the permanent partial benefits which I am awarded * * *.

{¶ 32} 14. On April 18, 2011, the bureau referred the April 6, 2011 motion to the commission for adjudication.

{¶ 33} 15. Following a May 25, 2011 hearing, a district hearing officer ("DHO") issued an interlocutory order holding that the motion did not present a fee dispute between an injured worker (claimant) and her attorney which the commission could adjudicate pursuant to Ohio Adm.Code 4121-3-24. Rather, the April 6, 2011 motion presented a fee dispute between the bureau and the claimant's attorney—a matter not covered by the administrative rule.

{¶ 34} Concluding that the April 6, 2011 motion seeks to invoke the commission's continuing jurisdiction, pursuant to R.C. 4123.52, the DHO referred the motion to the DHO docket for further proceedings. The DHO's order explains:

> Essentially, this dispute is framed in the context of how the fraud provisions of Ohio Revised Code 4123.511(K) were interpreted and applied by the Bureau of Workers' Compensation in this present claim. The thrust of the argument of Injured Worker's counsel is that the Bureau of Workers' Compensation erred as a matter of law in the application of the recoupment provisions of Ohio Revised Code 4123.511(K) by not considering and/or protecting the Injured Worker attorney fee of $8,216.50.
>
> Given the above facts, this Staff Hearing Officer concludes that the C-86 motion of 04/06/2011 seeks to invoke the Industrial Commission's continuing jurisdiction, pursuant to the provision of Ohio Revised Code 4123.52, to review the propriety of the Bureau of Workers' Compensation action in

applying 100% of the award of $24,649.50 to the previously declared overpayment in this claim. Injured Worker's counsel is in essence arguing error of an inferior tribunal/mistake of law in an effort to invoke such continuing jurisdiction.

{¶ 35} 16. Following a June 22, 2011 hearing, a DHO issued an order holding that there is no basis for the commission to exercise continuing jurisdiction over the bureau's recoupment of the PPD award.

{¶ 36} 17. Relator administratively appealed the DHO's order of June 22, 2011.

{¶ 37} 18. Following an August 17, 2011 hearing, an SHO issued an order affirming the DHO's order of June 22, 2011.

{¶ 38} 19. Relator administratively appealed the SHO's order of August 17, 2011.

{¶ 39} 20. On September 27, 2011, the three-member commission notified the parties that the commission had accepted the appeal.

{¶ 40} 21. Following an October 20, 2011 hearing, the three-member commission issued an order that denies the April 6, 2011 motion of the Schiavoni firm.

{¶ 41} 22. The commission found that it lacks jurisdiction to order the bureau to reissue the warrant (check) payable to the Schiavoni firm for attorney fees. The October 20, 2011 commission order explains:

It is the order of the Commission that the C-86 Motion, filed 04/06/2011, is denied.

The C-86 Motion requests the law firm of Schiavoni, Schiavoni, Bush & Muldowney Co., LPA, be granted attorney fees in the amount of $8,216.50 based upon a Bureau of Workers' Compensation (BWC) order dated 02/08/2011, R.C. 4123.511, and R.C. 3121.0311. The Commission finds it does not have jurisdiction to resolve a dispute for attorney fees between counsel for the Injured Worker and the BWC. Therefore, the Injured Worker's representative's motion is DENIED.

By way of history, the Injured Worker sustained a compensable injury on 05/12/1995, which was eventually allowed for both physical and psychological conditions.

Significantly, the Injured Worker was found to have been overpaid temporary total disability compensation benefits

for the period from 01/01/2002 through 11/15/2007 pursuant to a Staff Hearing Officer decision, issued 09/04/2008. That decision specifically ordered the overpayment be recouped pursuant to the fraud provisions of R.C. 4123.511(K).

Subsequently, the Injured Worker filed a C-92A Application for Determination of Percentage of Permanent Partial Disability or Increase of Permanent Partial Disability (C-92A) on 06/30/2011. The application was predicated upon the additional allowance of a new psychological condition in this claim.

On 02/08/2011, the BWC issued an order that granted an additional award of 75% permanent partial disability based upon the newly allowed psychological condition. The Injured Worker had previously been awarded a 7% award based upon the allowed physical conditions.

The 75% award, as calculated within the BWC order, totaled $24,649.50. No appeal was filed from that decision; consequently, the BWC order of 02/08/2011 is a final administrative decision. The Injured Worker's representatives, pursuant to the C-92A application (Part C - Authorization (and the C-255 Affidavit for Attorney Fees under R.C. 3121.0311 (C-255), requested payment of the entire award as well as payment of their attorney fees in the amount of $8,216.50, which represents one-third of the $24,649.50 award.

The BWC issued a check to the Injured Worker's representative for attorney's fees in the amount of $8,216.50. Subsequently, in a 03/17/2011 letter, PNC Bank notified the Injured Worker's representative that a "stop payment" order was placed on that warrant by the BWC. Then, by letter dated 03/16/2011, the BWC notified the Injured Worker the entire award of $24,649.50 was applied to her overpayment, resulting in a new balance of $38,811.23. The entire award was recouped pursuant to the fraud provisions of R.C. 4123.511(K).

The Injured Worker's representative filed a C-86 Motion on 04/06/2011, requesting the payment of attorney fees. That motion was originally set for hearing as a fee dispute. By District Hearing Officer order issued 06/01/2011, the motion was clarified and narrowed to relief pursuant to the provisions of R.C. 4123.52, alleging an error by an inferior

tribunal and/or a mistake of law by the BWC in interpreting the fraud provisions of R.C. 4123.511(K) to include attorney fees in the recoupment of the declared overpayment. That is the issue before the Commission for adjudication.

As noted previously, the issue raised is not a fee dispute under R.C. 4123.06 and Ohio Adm.Code 4121-3-24 as the dispute is between the Injured Worker's representative and the Administrator, not between the Injured Worker's representative and the Injured [W]orker.

The Commission also notes that the Injured Worker does not have an obligation subject to a child support enforcement agency support order. Therefore, the deduction and payment of attorney fees pursuant to R.C. 3121.0311 and Ohio Adm.Code 4123-3-1(A) (8) are not applicable. Because the Injured Worker's counsel filed a C-255 Affidavit for Attorney Fees, it appeared there may have been an obligation under R.C. 3121.0311. At hearing, counsel explained that the BWC claims representative had advised his firm to file that form in order to receive attorney fees. Counsel clarified the Injured Worker has no obligation for child support.

The Commission further finds R.C. 4123.67 sets forth that compensation before payment shall be exempt from all claims of creditors and from any attachment or executions, and shall be paid only to the employees or their dependents. Therefore, the Commission finds that the proposed "attorney's lien" is prohibited pursuant to R.C. 4123.67.

Finding there is no child support order or family support order, and finding there is no Commission order that grants an application for lump sum advancement of attorney fees, the Commission finds it lacks jurisdiction to order the BWC to re-issue the warrant to be made payable to the Injured Worker's representative for the attorney fees sought as the result of the award of permanent partial disability compensation. The C-86 Motion, filed 04/06/2011, is denied.

{¶ 42} 23. On February 14, 2012, this mandamus action was initially filed. On January 22, 2013, an amended complaint was filed that added the Schiavoni firm as a relator and added the administrator as a respondent.

Conclusions of Law:

{¶ 43} The issue is whether the Schiavoni firm has a clear legal right to the bureau's payment of its attorney fees arising from its representation of Baker in obtaining her PPD award. Concomitantly, the issue is whether the bureau has a clear legal duty to pay the Schiavoni firm's legal fees.

{¶ 44} Finding that the Schiavoni firm has no clear legal right to bureau payment of its attorney fees and that the bureau has no clear legal duty to pay the attorney fees, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.

{¶ 45} Relator's argument begins with the September 2, 2008 order of the SHO who declared an overpayment of TTD compensation and found that the compensation was fraudulently obtained. In his September 2, 2008 order, the SHO ordered that the overpayment be recouped pursuant to the fraud provision set forth at R.C. 4123.511(K).

{¶ 46} R.C. 4123.511(K)(4) provides:

> The administrator and self-insuring employers, as appropriate, are subject to the repayment schedule of this division only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal. The administrator and self-insuring employers are not subject to, but may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud as determined by the administrator or the industrial commission.

{¶ 47} According to relator, the bureau contravened the statute by collecting the overpayment by other than lawful means. Thus, relator's argument is premised upon relator's interpretation of the words "any other lawful means" as those words appear in the statute. The problem is that the words "any other lawful means," do not provide relator a clear legal right to bureau payment of the attorney fees nor do the words bestow upon the bureau a clear legal duty to pay the attorney fees.

{¶ 48} In its memorandum in support of its April 6, 2011 motion for bureau payment of its attorney fees, as well as in its brief filed in this action, relator cites to *Cohen v. Goldberger,* 109 Ohio St. 22 (1923), wherein the court syllabus states:

> The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund.
>
> Such claim, together with costs and other expenses of procuring the judgment, has priority over those of general creditors of the plaintiff, and, under the facts in this case, is superior to those of general creditors of a partnership of which plaintiff was a member, who seek to obtain the proceeds of such judgment as assets of the partnership.

{¶ 49} Relying upon *Cohen* and other cases cited, relator claims that it had an attorney's lien upon the PPD award, and, by implication, its lien was superior to the bureau's claim under the fraud provision of R.C. 4123.511(K)(4).

{¶ 50} Relator's argument reads a lot into the language of R.C. 4123.511(K)(4) that is simply not there.

{¶ 51} R.C. 4123.511(K)(4) provides that the administrator may use the repayment schedule of this division or, upon a finding of fraud, the administrator may "utilize * * * any other lawful means to collect payment of compensation" involving fraud. Significantly, the provision, as quoted, does not specify the lawful means that the administrator may utilize, nor does it, in anyway, address the attorney's alleged right to payment of his fees out of an award that the bureau may use to collect an overpayment.

{¶ 52} It is axiomatic that, in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus. *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 18.

{¶ 53} In effect, relator invites this court to create the legal duty that relator seeks to enforce upon the bureau. In mandamus, this court cannot create that legal duty by adding words to the statute, i.e., R.C. 4123.511(K)(4), that are not there. Thus, relator's endeavor to invoke the "equity" of its position must fail in the absence of a clear legal right provided by a statute or administrative rule. (Relator's supplemental brief, at 5.)

{¶ 54} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny the request for a writ of mandamus.


/S/ MAGISTRATE
KENNETH W. MACKE


NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).