**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. RFFG, L.L.C. v. Ohio Bur. of Workers' Comp.,* **Slip Opinion No. 2014-Ohio-5199.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5199

THE STATE EX REL. RFFG, L.L.C., APPELLANT, *v.* OHIO BUREAU OF WORKERS' COMPENSATION, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. RFFG, L.L.C. v. Ohio Bur. of Workers' Comp.,* **Slip Opinion No. 2014-Ohio-5199.]**

*Workers' compensation—Successor in interest—Experience rating—Court of appeals' judgment granting writ of mandamus affirmed.*

(No. 2013-0451—Submitted August 19, 2014—Decided November 25, 2014.)

APPEAL from the Court of Appeals for Franklin County,

No. 11AP-647, 2013-Ohio-241.

_____

**Per Curiam**.

**{¶ 1}** Appellant, RFFG, L.L.C., appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus. The court of appeals concluded that the decision of appellee, Ohio Bureau of Workers' Compensation, finding RFFG to be the successor in interest to Ameritemps, Inc., for purposes of calculating RFFG's premium rate for workers' compensation

coverage was supported by the evidence and was not an abuse of discretion. We agree, and we affirm the judgment of the court of appeals.

{¶ 2} On December 18, 2008, WTS Acquisition Corporation purchased Ameritemps, Inc., a temporary-employment agency. The parties executed an assets-purchase agreement that referred to two schedules that identified specific assets, customers, and contracts purchased and those excluded in addition to the employees that did or did not transfer to the new company. WTS then transferred the assets to its wholly owned subsidiary, RFFG. RFFG continued operating the business under the Ameritemps name.

{¶ 3} To activate workers' compensation coverage for the new business, RFFG filed a notification-of-business-acquisition form, known as a U-118, in which it stated that it had purchased from Ameritemps select vehicles, personal property, office leases and locations, and the right to contract with certain Ameritemps clients. The U-118 also stated that RFFG had acquired the right to use Ameritemps' business name and that it intended to conduct the business in a similar manner.

{¶ 4} The bureau asked RFFG for a copy of one of the schedules mentioned in the purchase agreement to verify the assets purchased and the number of employees acquired, but RFFG did not produce the document. Consequently, the bureau notified RFFG that it had determined that RFFG was a successor employer for workers' compensation purposes and that it intended to calculate RFFG's workers' compensation premium rate based on Ameritemps' experience rating.

{¶ 5} RFFG filed a protest, claiming that it did not succeed Ameritemps in the operation of its business or, in the alternative, that it should be considered only a partial successor. At a hearing before the bureau's adjudicating committee in which no sworn testimony was taken, RFFG's chief financial officer stated that the company had acquired a significant number of Ameritemps' clients and had

2

required all employees to immediately reapply to work for the new company. A representative from Ameritemps stated that he had been prepared to provide the bureau with copies of the client lists and assets purchased but that he had been instructed not to do so by RFFG's counsel. Counsel for RFFG assured the adjudicating committee that it would submit the documents, but he later notified the committee that RFFG could not locate them. Instead, RFFG produced several lists of information that it had created for the committee.[1] RFFG redacted the names and addresses of the clients from the lists that were provided.

{¶ 6} The adjudicating committee denied RFFG's protest. The order stated:

> Based on the testimony at the hearing and the materials submitted with the protest, the Adjudication Committee DENIES the successor's protest of the transfer/Combination. The [bureau] correctly transferred and/or combined the predecessor's experience and/or rights and/or obligations to the Employer under the Code. The Committee properly applied the rule. Although the operations might have changed over time, it is clear that a snap shot of the two business [sic] from December 31 to January 4th, indicate that a significant number of both clients and employees were retained by the successor. The business name remained the same, the business locations remained the same, the clients significantly remained the same and the employees significantly remained the same. There was a "no compete" clause in the contract. All these factors

---

[1] Counsel for RFFG described the supplemental information as Exhibit 1, a copy of the list of assets not taken as part of the agreement; Exhibit 2, the core employee list; Exhibit 3, a list of locations before and after the asset purchase, and Exhibit 4, a copy of Ameritemps' client list but with names and addresses redacted as privileged information; and Exhibit 5, a copy of one of the schedules attached to the purchase agreement that identified the contracts assumed by RFFG.

indicate that this was a full purchase of the operations of the business and the transfer was appropriate.

{¶ 7} On January 18, 2011, the bureau issued a final order affirming the committee's decision.

{¶ 8} RFFG filed a complaint for a writ of mandamus alleging that the bureau had abused its discretion when it determined RFFG to be the successor in interest to Ameritemps. The case was referred to a magistrate who determined that the bureau did not abuse its discretion in light of RFFG's failure to produce the evidence that the bureau had requested. In addition, the magistrate concluded that the bureau had set forth the evidence it relied upon and had explained its order:

There is no language in the purchase agreement from which the [bureau] could have concluded that a whole transfer did not occur. To the extent that the purchase agreement references certain schedules which might more accurately identify the purchased assets, none of those schedules were submitted. * * * Based on what little evidence the [bureau] had, the magistrate finds that the [bureau] did not abuse its discretion.

2013-Ohio-241, ¶ 43.

{¶ 9} The court of appeals adopted the magistrate's decision and denied the writ.

{¶ 10} This cause is before the court on RFFG's appeal as of right.

{¶ 11} When an employer transfers a business, either in whole or in part, to a successor in interest, the bureau is authorized to calculate the successor's premium rate based on the predecessor's experience within the most recent

experience period. R.C. 4123.32(B); Ohio Adm.Code 4123-17-02(B). For workers' compensation purposes, the term "successor in interest" means "simply a transferee of a business in whole or in part." *State ex rel. Lake Erie Constr. Co. v. Indus. Comm.*, 62 Ohio St.3d 81, 83-84, 578 N.E.2d 458 (1991).

{¶ 12} RFFG does not dispute that WTS acquired assets of Ameritemps through an assets-purchase agreement and subsequently transferred those assets to RFFG. Rather, RFFG argues that the evidence does not support the bureau's decision that RFFG was a successor employer, in whole, of Ameritemps. According to RFFG, because it retained only a fraction of Ameritemps' offices, leases, former employees, and clients in less risky industries and merely used the Ameritemps name for marketing purposes, only part of the business was transferred. RFFG asks the court to compare these facts to *State ex rel. K & D Group, Inc. v. Ryan*, 10th Dist. Franklin No. 10AP-608, 2011-Ohio-5051, *rev'd State ex rel. K & D Group, Inc. v. Buehrer*, 135 Ohio St.3d 257, 2013-Ohio-734, 985 N.E.2d 1270, in which the bureau determined that there was only a partial transfer of experience between property-management companies, although the successor had assumed all existing leases, retained half of the former employees, and maintained the same day-to-day operations.

{¶ 13} In matters that involve setting premium rates for workers' compensation coverage, courts defer to the bureau's decision " 'in all but the most extraordinary circumstances' " and will intervene only "when the agency has acted in an 'arbitrary, capricious or discriminatory' manner." *State ex rel. Cafaro Mgt. Co. v. Kielmeyer*, 113 Ohio St.3d 1, 2007-Ohio-968, 862 N.E.2d 474, ¶ 8, quoting *State ex rel. Progressive Sweeping Contrs., Inc. v. Ohio Bur. of Workers' Comp.*, 68 Ohio St.2d 393, 395-396, 627 N.E.2d 550 (1994).

{¶ 14} Here, RFFG did not produce the documents attached to its assets-purchase agreement to verify its claims that RFFG had purchased only select Ameritemps assets and had changed the focus of the business. Even if RFFG had

a legitimate plan to change Ameritemps' business, the alleged changes occurred during 2009, after the acquisition, not when the business transferred on January 1, 2009. Such changes, if proven, would be pertinent to establish RFFG's premium rates for 2010, not for 2009. We agree with the court of appeals that based on the evidence in the record, the bureau did not abuse its discretion in finding that there was a transfer of the business in whole.

{¶ 15} Furthermore, RFFG's comparison to *K & D Group* has no persuasive value. These cases are fact driven. The bureau's analysis of the specific facts in *K & D Group* does not necessarily apply in a different situation and in a different industry. In addition, we reversed the Tenth District's decision in *K & D Group* on the basis that there had been no transfer of the business at all. *K & D Group,* 135 Ohio St.3d 257, 2013-Ohio-734, 985 N.E.2d 1270. Thus, the bureau's factual analysis in *K&D Group* has no application to the facts here. RFFG's first proposition of law is without merit.

{¶ 16} RFFG also argues that the bureau did not properly explain its decision. The bureau has a duty to briefly explain the reasoning for its decision to inform the parties and, potentially, a reviewing court of the basis for its order. *State ex rel. Craftsmen Basement Finishing Sys., Inc. v. Ryan*, 121 Ohio St.3d 492, 2009-Ohio-1676, 905 N.E.2d 639, ¶ 10; *State ex rel. Ochs v. Indus. Comm*., 85 Ohio St.3d 674, 676, 710 N.E.2d 1126 (1999). The bureau did so when it stated in its order that "a significant number of both clients and employees were retained by the successor. The business name remained the same, the business locations remained the same, the clients significantly remained the same and the employees significantly remained the same." RFFG's second proposition of law is without merit.

{¶ 17} We agree with the court of appeals that RFFG failed to demonstrate that the bureau acted in an arbitrary, capricious, or discriminatory manner by entering an order not supported by the evidence in the record. *State ex rel. Avalon*

*Precision Casting Co. v. Indus. Comm*., 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9.  RFFG was, therefore, not entitled to the extraordinary remedy of a writ of mandamus.  *State ex rel. Gen. Motors Corp. v. Indus. Comm*., 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9.  Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Fisher & Phillips, L.L.P., and Daniel P. O'Brien, for appellant.

Michael DeWine, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee.

————————————